Filed 7/9/18

# <u>CERTIFIED FOR PARTIAL PUBLICATION</u><u>*</u>

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B286082 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA137755) |
| v. | |
| DARYL GLEN HURLIC, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael Shultz, Judge. Reversed and remanded.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer, Acting Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

---

**\*** Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Part II of the Discussion Section.

As a general rule, a criminal defendant who enters a guilty or no contest plea with an agreed-upon sentence may challenge that sentence on appeal only if he or she first obtains a certificate of probable cause from the trial court. (Pen. Code, § 1237.5, subd. (a);[1] *People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon*); *People v. Cuevas* (2008) 44 Cal.4th 374, 384 (*Cuevas*).) Does this general rule apply when the defendant's challenge to the agreed-upon sentence is based on our Legislature's enactment of a statute that retroactively grants a trial court the discretion to waive a sentencing enhancement that was mandatory at the time it was incorporated into the agreed-upon sentence? We conclude that the answer is "no," and hold that a certificate of probable cause is not required in these narrow circumstances. Because we are unable to say that there is "no reasonable possibility" that the trial court would decline to exercise its newfound sentencing discretion, we vacate the judgment and remand for a new sentencing hearing to decide whether to exercise that discretion.

## FACTS AND PROCEDURAL BACKGROUND

The People charged Daryl Glen Hurlic (defendant) with three counts of attempted premeditated murder (§§ 187, subd. (a) & 664), and further alleged that those crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C), (4)) and involved a principal's personal and intentional use and discharge of a firearm causing great bodily injury (§ 12022.53, subds. (b)-(d)).

In March 2017, defendant accepted the People's offer of a 25-year prison sentence. In accepting this offer, defendant (1) entered a no contest plea to a single count of attempted

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

murder after the People struck the premeditation allegation as to that count, and (2) admitted to a 20-year sentencing enhancement for the personal discharge of a firearm under section 12022.53, subdivision (c).[2] Defendant did not waive his right to appeal.

Six months later, in September 2017, the trial court imposed the agreed-upon sentence of 25 years in prison and dismissed the remaining two counts of attempted premeditated murder.

On October 11, 2017, the Governor signed Senate Bill No. 620 (2017-2018 Reg. Sess.) into law, effective January 1, 2018. Senate Bill No. 620 amended section 12022.53 to grant trial courts, for the first time, the discretion to strike section 12022.53's firearm enhancements. (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.)

On Halloween 2017, defendant filed a timely notice of appeal. He did not check the box on the first page indicating that his appeal "challenge[d] the validity of the plea or admission," but, in the blank space where defendants are to spell out why they are requesting a certificate of probable cause, defendant wrote that he sought to avail himself of "the new Senate Bill 620."

No trial court issued a certificate of probable cause.

---

[2] Although the trial court mistakenly described the enhancement as premised on "[u]sing a firearm and causing great bodily injury," the court also repeatedly made clear that defendant was admitting to a 20-year enhancement under section 12022.53, subdivision (c). Defendant does not assert that the court's misstatements in any way rendered the plea involuntary.

3

## DISCUSSION

Defendant argues that he is entitled to ask the trial court to exercise its newfound discretion to strike the 20-year firearm enhancement. The People respond that we may not entertain defendant's appeal because he did not obtain a certificate of probable cause and that a remand for resentencing would in any event be futile. The parties' arguments accordingly present two questions: (1) Is a certificate of probable cause required, and (2) Would a remand for resentencing in this case be futile?

## I.     Necessity for Certificate of Probable Cause

### A.     *Certificates of probable cause, generally*

A defendant who seeks to appeal from a "judgment of conviction" after entering a "plea of guilty or" no contest must first (1) file with the trial court a sworn, written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and (2) obtain from the trial court a certificate of probable cause attesting that at least one of the defendant's stated grounds "is not *clearly* frivolous and vexatious." (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Holland* (1978) 23 Cal.3d 77, 84, original italics; cf. *People v. Arriaga* (2014) 58 Cal.4th 950, 960 [certificate of probable cause not required when defendant appeals an "'order made after judgment'"].)

Consistent with its purpose of "discourag[ing] and weed[ing] out frivolous or vexatious appeals" following a defendant's voluntary entry into a plea "'in exchange for specified benefits such as the dismissal of other counts or an agreed'"-upon sentence (*Panizzon, supra,* 13 Cal.4th at pp. 75, 80; *People v. Johnson* (2009) 47 Cal.4th 668, 676 (*Johnson*)), the certificate of probable cause requirement is aimed at (and consequently

4

applies to) claims that operate "*in substance* [as] a challenge to the validity of the plea" (*Panizzon*, at p. 76, original italics; *People v. McNight* (1985) 171 Cal.App.3d 620, 624). "[T]he crucial issue," our Supreme Court has explained, "is what the defendant is challenging, not the time or manner in which the challenge is made." (*People v. Ribero* (1971) 4 Cal.3d 55, 63.) In light of this focus, the certificate of probable cause requirement does *not* apply to claims "that arose after entry of the plea and do not affect the plea's validity" (Cal. Rules of Court, rule 8.304(b)(4)(B)), such as "issues regarding" post-plea "proceedings held . . . for the purpose of determining the degree of the crime and the penalty to be imposed." (*Panizzon*, at p. 74; *Johnson*, at pp. 676-677; *People v. Ward* (1967) 66 Cal.2d 571, 574.) Our Legislature has also expressly carved out appeals challenging search and seizure rulings. (§ 1538.5, subd. (m); Cal. Rules of Court, rule 8.304(b)(4)(A).)

The question presented in this case regarding the necessity of a certificate of probable cause lies at the intersection of two lines of authority. Reconciling them is a question of law we decide de novo. (*People v. Alvarez* (1996) 14 Cal.4th 155, 182.)

The first line of authority involves the law interpreting the certificate of probable cause requirement in section 1237.5. This body of law draws a line between pleas in which the parties agree that the court will impose a specific, agreed-upon sentence, and pleas in which the parties agree that the court may impose any sentence at or below an agreed-upon maximum. A certificate of probable cause is required for the former (*Cuevas, supra,* 44 Cal.4th at pp. 381-382; *Panizzon, supra,* 13 Cal.4th at pp. 78-80; see generally *Johnson, supra,* 47 Cal.4th at p. 678), but not the latter (except where the defendant challenges the legal

5

validity of the maximum sentence itself) (*People v. French* (2008) 43 Cal.4th 36, 45-46; *People v. Buttram* (2003) 30 Cal.4th 773, 777, 790-791; cf. *People v. Shelton* (2006) 37 Cal.4th 759, 763 (*Shelton*) [certificate of probable cause required to challenge validity of agreed-upon maximum sentence under section 654]). This differential treatment flows directly from the substance of the parties' agreement:  Where the parties agree to a specific sentence, the court's "[a]ccceptance of the agreement binds the court and the parties to the agreement" (*People v. Segura* (2008) 44 Cal.4th 921, 930 (*Segura*)), and a defendant's challenge to the specific sentence is "*in substance* a challenge to the validity of the plea" (*Panizzon*, at p. 76, original italics).  But where the parties agree to any sentence at or beneath an agreed-upon maximum, that "agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority" do not attack the validity of the plea and "will be reviewable on appeal" without a certificate of probable cause. (*Buttram*, at pp. 790-791.)  Because the parties in this case agreed to a specific, 25-year prison sentence, this line of authority suggests that appellate review is permissible only if defendant first obtains a certificate of probable cause.

The second line of authority involves the law governing the retroactivity of new criminal statutes.  Although new criminal statutes are presumed to operate prospectively (§ 3), that presumption is rebuttable:  Our Legislature or the voters may "expressly . . . declare[]" an intent to apply the new law retroactively (*ibid.*); and, absent an express indication to the contrary, courts will infer an intent to apply a new law retroactively to all nonfinal convictions where that new law

6

"mitigat[es]" or "lessens" "the punishment for a particular criminal offense" (*People v. Brown* (2012) 54 Cal.4th 314, 324; *In re Estrada* (1965) 63 Cal.2d 740, 744-745). A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. (*People v. Francis* (1969) 71 Cal.2d 66, 75-78.) Applying this body of law, the courts have unanimously concluded that Senate Bill No. 620's grant of discretion to strike firearm enhancements under section 12022.53 applies retroactively to all nonfinal convictions. (*People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079-1080 (*Billingsley*); *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507; *People v. Watts* (2018) 22 Cal.App.5th 102, 119-120; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091; *People v. Robbins* (2018) 19 Cal.App.5th 660, 679.) This line of authority suggests defendant is entitled to have the trial court exercise its discretion under Senate Bill No. 620.

So which line of authority prevails? We conclude that the authority regarding retroactivity trumps, and we do so for three reasons.

First, plea agreements are, at bottom, "a form of contract," and their terms, like the terms of any contract, are to be enforced. (*Shelton*, *supra*, 37 Cal.4th at p. 767; cf. *Segura*, *supra*, 44 Cal.4th at pp. 931-932 [court must enforce terms of plea and may not modify them just because one party unilaterally so requests].) Unless a plea agreement contains a term requiring the parties to apply only the law in existence at the time the agreement is made, however, "the general rule in California is that the plea agreement will be '"deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public

7

good and in pursuance of public policy.""" (*Doe v. Harris* (2013) 57 Cal.4th 64, 66, quoting *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070.) Put differently, courts will not amend a plea agreement to add "'an implied promise [that] the defendant will be unaffected by a change in the statutory consequences attending his or her conviction.'" (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 991, quoting *Doe v. Harris*, at pp. 73-74.) Because defendant's plea agreement does not contain a term incorporating only the law in existence at the time of execution, defendant's plea agreement will be "deemed to incorporate" the subsequent enactment of Senate Bill No. 620, and thus give defendant the benefit of its provisions without calling into question the validity of the plea.[3] What is more, because Senate Bill No. 620 grants the trial court at most the discretion to strike the 20-year firearm enhancement and leaves the five-year attempted murder sentence intact, the trial court may end up reimposing the originally agreed-upon 25-year prison sentence; but even if it does not, a resentencing under Senate Bill No. 620 still does not "eviscerate[] . . . the plea bargain" in this case, and thus, the People may not seek to set aside the plea. (*Harris v. Superior Court*, at p. 993.)

Second, dispensing with the certificate of probable cause requirement in the circumstances present here better implements the intent behind that requirement. Although the requirement is

---

[3]    Because defendant's plea agreement was negotiated and fully executed prior to Senate Bill No. 620 becoming law on October 11, 2017, we have no occasion to address whether a defendant whose plea agreement was negotiated while Senate Bill No. 620 was already part of the legal landscape must obtain a certificate of probable cause. (See *People v. Enlow* (1998) 64 Cal.App.4th 850, 853-854 (*Enlow*).)

8

to be "applied in a strict manner" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098), we cannot ignore its underlying purposes, which are:  (1) to facilitate and encourage plea agreements, which are "'an accepted and "integral component of the criminal justice system and essential to the expeditious and fair administration of our courts."  [Citations.]'" (*Harris v. Superior Court*, *supra*, 1 Cal.5th at p. 992; *Segura, supra*, 44 Cal.4th at p. 929; *Panizzon*, *supra*, 13 Cal.4th at pp. 79-80); and, as noted above, (2) to "weed out frivolous or vexatious appeals" (*Panizzon*, at p. 75).  If, as the People urge, a defendant who enters a plea of guilty or no contest must go through the additional step of seeking and obtaining a certificate of probable cause to avail himself or herself of the advantage of ameliorative laws like Senate Bill No. 620 that are otherwise indisputably applicable to him or her, the incentive to enter a plea—or, at a minimum, the incentive to do so expeditiously if legislation or voter initiative along these lines is being contemplated—is reduced.  And where, as here, the defendant's entitlement to a new law's retroactive application is undisputed, an appeal seeking such application is neither "frivolous" nor "vexatious," thereby obviating any need for section 1237.5's screening mechanism.

Third, the rules of statutory construction favor application of Senate Bill No. 620 over section 1237.5.  Where two statutes conflict, courts give precedence to the later-enacted statute and precedence to the more specific statute.  (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 960-961.)  And if those two rules of precedence conflict, the more specific statute trumps—even if it is earlier enacted.  (*Ibid.*)  In this case, Senate Bill No. 620 is the later-enacted statute because it was enacted in 2017, while section 1237.5 was enacted in 1988.  Senate Bill No.

620 is also more specific because it deals with a particular sentencing enhancement, whereas section 1237.5 deals more generally with appeals from pleas. Under these canons of construction, in the tug-of-war between our Legislature's competing intents to have a screening mechanism for appeals following pleas and to give defendants whose convictions are not yet final the benefit of a possible sentencing reduction, the latter intent prevails.

In resisting this conclusion, the People cite *Enlow*, *supra*, 64 Cal.App.4th 850. In *Enlow*, the defendant entered a plea with an agreed-upon sentence calculated in part under a statute that dictated a temporarily elevated sentence would "sunset" to a lower penalty the next year. (*Id.* at pp. 852-853.) *Enlow* held on the merits that the defendant was not entitled to be resentenced under the post-"sunset" version of the statute (*id.* at p. 855), and also held that his appeal was procedurally improper because he did not obtain a certificate of probable cause (*id.* at pp. 853-854). *Enlow* is both distinguishable and unpersuasive. It is distinguishable because the statutory change in *Enlow* was not truly a "new law"; the statute's anticipated sunset was already on the books (and thus part of the legal landscape) at the time the plea agreement was negotiated, such that the parties' agreement to a specific sentence that did not account for the sunset was "part of the deal," and thus his attack on that sentence went to the validity of the plea itself. Senate Bill No. 620 did not become law until *after* defendant's plea agreement was negotiated and executed. *Enlow* is also unpersuasive insofar as it does not make any effort to reconcile section 1237.5 with the second line of authority involving the retroactive application of new laws ameliorating criminal sentences.

For these reasons, defendant was not required to obtain a certificate of probable cause.

## II. Futility of Remand for Resentencing

Although Senate Bill No. 620 retroactively applies to *all* defendants whose convictions are final, not all defendants are entitled to a remand for resentencing. A remand is required, however, unless the record from the initial sentencing "'clearly indicate[s]' the [trial] court would not have exercised discretion to strike the firearm allegations had the court known it had that discretion." (*Billingsley*, *supra*, 22 Cal.App.5th at p. 1081.) Put differently, a remand is called for unless the trial court expressly and specifically speaks to how it would have hypothetically exercised a discretion it did not have at the time. Here, the trial court did not say anything about whether it might strike the firearm enhancement, let alone clearly indicate that it would not. Thus, defendant is entitled to a remand.

## DISPOSITION

The judgment is vacated, and the case remanded to the trial court to exercise its discretion whether to lessen defendant's sentence pursuant to amended section 12022.53, subd. (h).

## CERTIFIED FOR PARTIAL PUBLICATION.

_____, J.
HOFFSTADT

We concur:

_____, P. J.
LUI

_____, J.
ASHMANN-GERST

11