Filed 3/6/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GLORIA NYLEEN KELLY,<br><br>    Defendant and Appellant. | 2d Crim. No. B291220<br>(Super. Ct. No. 2017008225)<br>(Ventura County) |

Gloria Nyleen Kelly, a three strikes offender, stipulated to an 18-year state prison sentence in exchange for a plea to first degree burglary of a residence with another person present (Pen. Code, §§ 459, 667.5, subd. (c)(21))[1] plus enhancements. Appellant admitted a prior strike conviction (§§ 667, subds. (c)(2) & (e)(2), 1170.12, subds. (a)(2) & (c)(2)), two prior serious felony convictions (§ 667, subd. (a)(1)), and seven prior prison term enhancements (§ 667.5, subd. (b)). The trial court sentenced appellant to four years on the burglary count, doubled to eight years for the prior strike, plus 10 years on the two five-year prior

---

[1] All statutory references are to the Penal Code unless otherwise stated.

serious felony enhancements (§ 667, subd. (a)(1)).  The prior prison term enhancements were stricken in the interests of justice.  (§ 1385.)  She purports to appeal, contending that the matter must be remanded to the trial court to exercise its discretion to strike the five-year serious felony conviction enhancements pursuant to recently enacted Senate Bill 1393. (Legis. Counsel's Dig., Sen. Bill No. 1393 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1013, §§ 1, 2.)  We dismiss the appeal because appellant failed to obtain a certificate of probable cause. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 89-90 & fn. 15 (*Panizzon*).)

*Procedural History*

In May 2018, appellant waived preliminary hearing and entered in to a negotiated disposition for an 18-year sentence in case no. 2017008225 and a 16-month consecutive sentence in case no. 2016027319 for driving under the influence of alcohol with injury to a person.  (Veh. Code, § 23153, subd. (e).)  It was a "package deal," disposing of two cases.  The written plea agreement stated that the prosecution agrees to "18 years consec to 1 yr 4 mos in [case no.] 2016027319[.  The prosecution] will strike two strikes for purposes of sentencing only.  [Section 667, subdivision] (a) priors will still be imposed."  When the change of plea was entered, appellant's trial attorney agreed that a sentence would be 18 years in case no. 2017008225.

*S.B. 1393*

On September 30, 2018, the Governor signed S.B. 1393 which, effective January 1, 2019, amends sections 667 and 1385 to give trial courts the discretion to dismiss five-year sentence enhancements under section 667, subdivision (a).  (See Legis. Counsel's Dig. to S.B. 1393 ["This bill would delete the restriction

2

prohibiting a judge from striking a prior serious felony conviction in connection with imposition of [a] 5-year enhancement"].) Appellant argues, and the Attorney General concedes, that S.B. 1393 applies because appellant's case is not yet final. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [S.B. 1393 applies to all cases not yet final when S.B. 1393 becomes effective on January 1, 2019].)

*Certificate of Probable Cause*

The Attorney General argues that the appeal should be dismissed because appellant did not obtain a certificate of probable cause. (§ 1237.5.) We agree. "[A] certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of the plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; *Panizzon, supra,* 13 Cal.4th at p. 73.) In contrast, a certificate of probable cause is not required to challenge the trial court's exercise of sentencing discretion where the plea agreement does not specify a particular sentence. (*People v. Buttram* (2003) 30 Cal.4th 773, 790-791; *People v. Hurlic* (2018) 25 Cal.App.5th 50, 55-56 (*Hurlic*).) Here, appellant and the prosecution agreed to an 18-year sentence. There was no exercise of discretion.

Relying on *Hurlic,* appellant argues that the plea agreement implicitly incorporates future changes in the law and that appellant should get the benefit of S.B. 1393. In *Hurlic, supra,* 25 Cal.App.5th 50, defendant was charged with three counts of attempted premeditated murder with gang and firearm enhancements. (*Id.* at p. 53.) Defendant agreed to a 25-year state prison sentence in exchange for a plea of no contest to one count of attempted murder and admitted a 20-year firearm enhancement (§ 12022.53, subd. (c)). (*Id.* at pp. 53-54.) A month

3

after the sentence was imposed, the Governor signed Senate Bill No. 620, which amended section 12022.53 to grant trial courts the discretion to strike section 12022.53 firearm enhancements. (*Id.* at p. 54.)

The Court of Appeal in *Hurlic* dispensed with the certificate of probable requirement based on very "narrow circumstances." (*Hurlic, supra,* 25 Cal.App.5th at p. 53.) Defendant "did not check the box on the first page indicating that his appeal 'challenge[d] the validity of the plea or admission,' but, in the blank space where defendants are to spell out why they are requesting a certificate of probable cause, defendant wrote that he sought to avail himself of 'the new Senate Bill 620.'" (*Id.* at p. 54.) The Court of Appeal concluded that a certificate of probable cause was not required and remanded the matter to the trial court to exercise its discretion whether to lessen defendant's sentence pursuant to newly amended section 12022.53, subd. (h). (*Id.* at p. 59.)

Unlike *Hurlic*, appellant's notice of appeal does not say that appellant seeks to avail herself of a new law. Appellant entered into a negotiated disposition for an 18-year sentence to avoid a maximum sentence of 29 years. The five-year prior enhancements were a bargained-for component of the sentence. (See, e.g., *People v. Enlow* (1998) 64 Cal.App.4th 850, 853-854 [declining to allow challenge to stipulated sentence without certificate of probable cause; even if certificate was unnecessary, remedy would be withdrawal of plea, not reduction of sentence].)

*Stipulated Sentence*

A written negotiated disposition, if approved by the trial court, binds the parties and the court. (*People v. Segura* (2008) 44 Cal.4th 921, 930.) Once the trial court has accepted the terms

4

of a negotiated plea that provides for a stipulated sentence, it lacks jurisdiction to alter the terms of the plea bargain to make it more favorable to the defendant. (*Id.* at p. 931.) "'"A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] . . .'" (*Ibid.*) Like any other contract, "[h]e who takes the benefit must bear the burden." (Civ. Code, § 3521.)

Appellant asserts that remand for resentencing is required to give the trial court the opportunity to exercise its newfound discretion under S.B. 1393. (See, e.g., *People v. Rodriguez* (1998) 17 Cal.4th 253, 258 [limited remand to permit trial court to make threshold determination whether to exercise its discretion to strike prior conviction allegation].) If we were to remand for resentencing, the trial court would still be bound by the terms of the plea agreement which provides a floor and ceiling of 18 years state prison. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893-894 [discussing full resentencing rule]; *People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702.)

As a term of the negotiated disposition, appellant executed a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), permitting the trial court to consider any prior convictions and sentencing enhancements that were dismissed. Appellant is a three strikes offender and has a long criminal history dating back to 1988 for drug and theft-related crimes, two prior strike convictions (a 1989 robbery conviction with a firearm and a 2011 conviction for first degree residential burglary), two prior serious felony convictions, and at least five prison prior enhancements.[2]

---

[2] Although appellant admitted seven prior prison enhancements, trial counsel stated "we believe it's five prison

5

Appellant wants to whittle down the sentence "but otherwise leave the plea bargain intact. This is bounty in excess of that to which [s]he is entitled." (*People v. Collins* (1978) 21 Cal.3d 208, 215.) "[D]efendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

*People v. Wright* (2019) 31 Cal.App.5th 749 (*Wright*) is distinguishable. There, a drug dealer pled guilty to transporting a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and admitted a strike prior and a prior conviction for violation of Health & Safety Code section 11351.5, which triggered the imposition of a mandatory three-year enhancement under former section 11370.2, subdivision (a). Wright stipulated to a 11-year prison term and appealed on the ground that a 2018 amendment to Health and Safety Code section 11370.2 retroactively limited the enhancement to prior convictions for violation of section 11380. The trial court granted Wright's request for a certificate of probable cause and the Court of Appeal granted Wright's unopposed motion to deem the certificate of probable cause operative for purposes of appeal. The *Wright* court held "['t]his order moots the People's contention that the appeal should be dismissed for lack of a certificate of probable cause . . . ." (*Wright, supra*, at p. 753.)

---

priors because [in] four of those cases [appellant] served two [sentences] as one prison commitment and another two as another prison commitment for a total of five. I know it shows seven convictions, but it's five prison commitments. I don't think it's going to make much of a difference though, is it?"

Unlike *Wright*, appellant did not request or obtain a certificate of probable cause. Pursuant to principles of stare decisis we are bound to follow the Supreme Court's holding in *Panizzon*, *supra*, 13 Cal.4th at pp. 89-90 & fn. 15. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) S.B. 1393 does not overrule *Panizzon* or the certificate of probable cause statute (§ 1237.5). In *Wright*, *supra*, the change in the law mandated that the three-year enhancement be stricken because it was "'unauthorized.'" (*Id*. at p. 752.) Here, the change in the law (S.B. 1393) vests the trial court with the discretion to strike one or both five-year enhancements, but it is not mandatory.

Finally, even if the trial court would strike the two five-year priors, it could reconfigure the sentence choices to achieve a substantially similar aggregate sentence. It could choose the upper six-year term on the burglary, double it to 12 years, and impose one year each for the prior prison terms.

*Disposition*

The appeal is dismissed because appellant failed to obtain a certificate of probable cause.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.