Filed 9/30/20  P. v. Perozzi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C090821 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17CR003500, 18CR000731) |
| v. | |
| ROBERT LLOYD PEROZZI, | |
| Defendant and Appellant. | |

Defendant Robert Lloyd Perozzi pled guilty to first degree residential burglary and admitted two prior prison terms.  On appeal, he contends the prior prison term enhancements must be vacated based on the retroactive application of Senate Bill No. 136 (Senate Bill 136).  We modify the judgment to strike defendant's prior prison term enhancements.  We will otherwise affirm.

## I.  BACKGROUND

Due to the limited nature of the claim on appeal, we need not recite the facts underlying the offenses.  In two cases, defendant was charged with first degree residential

1

burglary (Pen. Code, § 459),[1] two counts of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and two counts of receiving a stolen motor vehicle (§ 496d, subd. (a)). It was further alleged that he committed three of the offenses while on bail (§ 12022.1) and served four prison terms under section 667.5, subdivision (b). Defendant subsequently pled guilty to first degree residential burglary and admitted two of the prior prison terms. The remaining counts and enhancements were dismissed on motion of the district attorney.

The court sentenced defendant to the stipulated sentence of the upper term of six years for the burglary, plus two years consecutive for the two prison prior enhancements pursuant to section 667.5, subdivision (b).

## II.  DISCUSSION

Defendant claims his prior prison term enhancements must be vacated based on the retroactive application of Senate Bill 136. The People agree.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined. The amended provision states in pertinent part:  "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison

---

[1] Further undesignated statutory references are to the Penal Code.

2

term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

We agree with the parties that the amendment to section 667.5 should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court (Lara)* 4 Cal.5th 299, 307 [noting "the role of a court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara, supra*, at p. 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so." (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Here, Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant who served prior prison sentences following convictions for false impersonation (§ 529) and inflicting corporal injury upon a spouse (§ 273.5). There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we conclude *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to section 12022.6, subds. (a) and (b) enhancements].) Thus, we will accept the People's concession that the two prior prison

3

term enhancements should be stricken and remand is unnecessary because the maximum sentence available pursuant to the plea agreement was imposed.

### III.  DISPOSITION

The judgment is modified to strike defendant's section 667.5, subdivision (b) prior prison term enhancements.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HOCH, Acting P. J.

/S/

_____

KRAUSE, J.