Filed 11/16/20  P. v. Kelly CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B291220 |
| Plaintiff and Respondent, | (Super. Ct. No. 2017008225) |
|  | (Ventura County) |
| v. |  |
|  | OPINION ON REMAND |
| GLORIA NYLEEN KELLY, |  |
| Defendant and Appellant. |  |

Gloria Nyleen Kelly, a three strikes offender, appeals a stipulated 18-year state prison sentence, imposed as part of a negotiated plea to first degree burglary of a residence with another person present (Pen. Code, §§ 459, 667.5, subd. (c)(21)).[1] Appellant admitted a prior strike conviction (§§ 667, subds. (c)(2) & (e)(2), 1170.12, subds. (a)(2) & (c)(2)), two prior serious felony convictions (§ 667, subd. (a)(1)), and seven prior prison term

---

[1] All statutory references are to the Penal Code unless otherwise stated.

enhancements (§ 667.5, subd. (b)).  The trial court sentenced appellant to four years on the burglary count, doubled to eight years for the prior strike, plus 10 years on the two five-year prior serious felony enhancements (§ 667, subd (a)).

In 2018, appellant appealed from the judgment, contending that the matter should be remanded to the trial court to decide whether the five-year serious felony enhancements should be stricken pursuant to Senate Bill No. 1393 (S.B. 1393).  (Legis. Counsel's Dig., Sen. Bill No. 1393 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1013, §§ 1, 2.)  We dismissed the appeal for lack of a certificate of probable cause (§ 1237.5) in a published opinion. (*People v. Kelly* (2019) 32 Cal.App.5th 1013.)

Our Supreme Court granted review and transferred the matter to us with directions to vacate our opinion and reconsider the case in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  In *Stamps*, defendant pled guilty to first degree burglary and admitted a five-year serious felony enhancement (§ 667, subd. (a)) in exchange for a nine-year state prison sentence.  (*Stamps*, *supra*, at p. 693.)  Defendant appealed but the trial court denied defendant's request for a certificate of probable cause.  The *Stamps'* court held that a certificate of probable cause was not required because the "appellate claim does not constitute an attack on the validity of [the] plea [and] the claim does not challenge [the] plea as defective when made." (*Id*. at p. 696.)

The Attorney General agrees that S.B. 1393 applies because appellant's case is not yet final.  (*Stamps, supra,* 9 Cal.5th at p. 699.)  We have reviewed appellant's and the Attorney General's supplemental briefs, and conclude that *Stamps* requires that we reverse and remand to the trial court to

2

allow appellant the opportunity to seek relief under S.B. 1393. (*Id*. at p. 774.)  "[I]f the [trial] court chooses to strike the enhancement, its decision will have consequences to the plea agreement."  (*Id*. at p. 692.)

*Conditional Remedy on Remand*

Appellant argues the proper remedy is to remand to the trial court to exercise its discretion to strike one or both of the serious felony enhancements and reduce the 18-year sentence, but otherwise maintain the plea bargain.  (See fn. 2, *post*.)  That, however, assumes the prosecution cannot withdraw from the plea agreement and that appellant can use S.B. 1393 to """whittle down"""" an agreed upon sentence on remand.  Although S.B. 1393 retroactively applies to appellant, it was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps, supra,* 9 Cal.5th at p. 702.)  A plea agreement for a stipulated sentence is a contract and "[a]cceptance of the agreement binds the [trial] court and the parties to the agreement.  [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)

On remand, appellant may request that the trial court exercise its discretion to strike the five-year serious felony enhancements.  If the trial court decides to strike one or both enhancements, "[t]he prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail.  Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant — withdrawal of assent to the plea agreement . . . .' [Citation.]  [¶]  Further, the court may withdraw its prior

approval of the plea agreement." (*Stamps, supra,* 9 Cal.5th at pp. 707-708.)[2]

## *Disposition*

The judgment is reversed and the matter is remanded to allow appellant the opportunity to seek relief under S.B. 1393.  If the trial court does not strike the five-year enhancements, it shall reinstate the sentence.  If the trial court, in its discretion, strikes one or both of the section 667, subdivision (b) enhancements, the prosecution may:  (1) agree to modify the bargain to reflect the downward departure in the sentence; or (2) withdraw from the original plea agreement.  (*Stamps, supra,* 9 Cal.5th at pp. 707-708.)

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

---

[2]We note that the negotiated plea was a "package deal," disposing of two cases.  In case no. 2016027319, appellant entered a change of plea and received a 16-month consecutive sentence for driving under the influence of alcohol with injury to a person. (Veh. Code, § 23153, subd. (e).)  If a part of the "package deal" is withdrawn, all of its parts are withdrawn.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Jonathan B. Steiner and Richard B. Lennon, Executive Directors, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.