Filed 1/4/21  P. v. Her CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C089693 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF02424) |
| v. | |
| TURBO CHUNG HER, | |
| Defendant and Appellant. | |

A trial court sentenced defendant Turbo Chung Her to five years in state prison, including one year for each of two prior prison term enhancements.  Defendant contends the prior prison term enhancements should be vacated based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.; hereafter Senate Bill 136), which the People concede.  We shall modify the judgment to strike the enhancements, and affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Police found defendant in possession of 0.2 grams of methamphetamine. Defendant pleaded no contest to one count of possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)  Defendant admitted two prior prison terms under section 667.5, former subdivision (b).  The prior prison terms were for a 2013 conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and a 2014 conviction for battery (Pen. Code, § 243, subd. (d)).[1]  The trial court sentenced defendant to five years in state prison, including one year for each of the two prior prison term enhancements.

## DISCUSSION

Defendant contends, and the People agree, that recently enacted Senate Bill 136, which limits the prior offenses that qualify for a prior prison term enhancement under section 667.5, subdivision (b), applies retroactively to his case.  We agree.

On October 8, 2019, the Governor signed Senate Bill 136, which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1).  Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense.  The amended provision states, in relevant part:  "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of

---

[1]  Undesignated statutory references are to the Penal Code.

five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

Neither of defendant's prior prison terms was for a sexually violent offense. Defendant is therefore entitled to the ameliorative benefit of the statute if Senate Bill 136 is applied retroactively. We conclude the amendment to Senate Bill 136 applies retroactively in this case.

Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307 [noting " 'the role of a court is to determine the intent of the Legislature' "].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara,* at p. 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so." (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement. There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. As defendant's case is not yet final, we conclude this amendment applies. (Accord, *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Senate Bill 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].) Because the trial court imposed the

maximum term, we will modify the judgment to strike defendant's two 1-year prior prison term enhancements.

## DISPOSITION

The judgment is modified to strike defendant's two section 667.5, subdivision (b) prior prison term enhancements. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment as modified is affirmed.


  /s/  
HOCH, J.


We concur:


  /s/  
BLEASE, Acting P. J.


  /s/  
MAURO, J.

4