Filed 12/29/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>GLORIA NYLEEN KELLY,<br><br>   Defendant and Appellant. | 2d Crim. No. B318060<br>(Super. Ct. No. 2017008225)<br>(Ventura County) |

     Appellant is a repeat offender who has previously served seven separate prison terms. Facing a "Three Strikes" 25-year-to-life sentence in the present case, she "cut" her best deal with the prosecutor and the trial court. She now wants to retain the benefits of her negotiated disposition but "whittle down" the 18-year prison term she agreed to serve. She relies upon newly enacted subdivision (b)(6) of Penal Code section 1170.[1] It provides: "[U]nless the court finds that *the aggravating circumstances outweigh the mitigating circumstances* that imposition of the lower term would be contrary to the interests of

---

[1] All statutory references are to the Penal Code.

justice, the court shall order imposition of the lower term if any of [three specified circumstances] was a contributing factor in the commission of the offense . . . ."  (Italics added.)

Appellant cannot whittle down her stipulated sentence.  We hold that section 1170, subdivision (b)(6) does not apply to sentences imposed pursuant to a negotiated disposition that includes an agreed-upon term of imprisonment.  In this situation, the superior court does not have discretion to weigh the aggravating and mitigating circumstances.

Gloria Nyleen Kelly appeals from the judgment entered after we had remanded the matter to the trial court for resentencing pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (S.B. 1393).  (Stats. 2018, ch. 1013, §§ 1, 2.)  She contends the judgment must be reversed and the matter remanded for another resentencing hearing because she is entitled to the benefit of section 1170, subdivision (b)(6).

We affirm because the trial court had no discretion to impose a lesser sentence, or any sentence that varied the terms to which she had agreed in her plea bargain.  The Legislature did not intend to expunge appellant's signature on the felony disposition statement that specified the exact sentence she would serve.[2]

---

[2] A related issue is pending before our Supreme Court in *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (rev. granted Dec. 14, 2022, S277314). A Supreme Court news release dated December 16, 2022, states, "This case presents the following issue: Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements [i.e., plea agreements with a stipulated sentence]?" *Mitchell* held that it does not apply

2

*Procedural Background*

Appellant was charged with first degree residential burglary. (§§ 459, 460). The information alleged that she had been convicted of three prior serious felony convictions (§ 667, subd. (a)(1)), had served seven prior prison terms (§ 667.5, former subd. (b)), and had been convicted of three prior serious or violent felonies within the meaning of California's Three Strikes law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) She was facing a potential sentence of imprisonment for life.

Pursuant to a felony disposition statement, appellant agreed to plead guilty to first degree residential burglary and admit one prior strike, two prior serious felony convictions, and seven prior prison terms. She was informed that the maximum possible state prison sentence was 29 years. But appellant, the district attorney, and trial court agreed that her actual sentence would be 18 years.

Before appellant entered her plea, the trial court told her that she "will be sentenced to 19 years and four months in the Department of Corrections" – 18 years in the present case plus a consecutive term of one year, four months in another case. In the other case, appellant pleaded guilty to "violat[ing] Vehicle Code section 23153(e), a felony, driving under the influence of drugs causing an injury."

The trial court sentenced appellant to an aggregate term of 18 years: the middle term of four years for first degree burglary, doubled to eight years because of the prior strike, plus 10 years

retroactively because when the plea bargain includes a stipulated sentence, the trial court does "not exercise any discretion . . . in selecting the lower, middle, or upper term." (*Id.* at p. 1059.)

3

for the two prior serious felony convictions.  The court struck the seven prior prison terms.

She appealed.  In a published opinion, "[w]e dismissed the appeal for lack of a certificate of probable cause (§ 1237.5) . . . . (*People v. Kelly* (2019) 32 Cal.App.5th 1013 [(*Kelly I*)].)  [¶]  Our Supreme Court granted review and transferred the matter to us with directions to vacate our [decision] and reconsider the case in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*)."  (*People v. Kelly* (Nov. 16, 2020, B291220) [non-pub. opn.] slip opn. at p. 2 (*Kelly II*).)

In *Kelly II* we vacated our decision in *Kelly I* and "conclude[d] that *Stamps* requires that we reverse and remand to the trial court to allow appellant the opportunity to seek relief under S.B. 1393."  (*Kelly II*, *supra*, slip opn. at pp. 2-3.)  Effective January 1, 2019, S.B. 1393 authorized a trial court to strike a section 667, subdivision (a)(1) prior serious felony conviction. (*People v. Jones* (2019) 32 Cal.App.5th 267, 272.)  This power to strike was newly created judicial discretion.  But as we explain below, there is no newly created judicial discretion to impose a sentence less than the sentence appellant agreed to serve in her plea bargain.

On remand, over the People's objection the trial court struck one of the two prior serious felony convictions, reducing appellant's aggregate sentence from 18 to 13 years.  We express no opinion on the propriety of this five-year reduction.

*Section 1170, Subdivision (b)(6)(A)*

Subdivision (b)(6)(A) was added to section 1170 by Assembly Bill No. 124 (A.B. 124).  (Stats. 2021, ch. 695, § 5.3.)  It became effective on January 1, 2022.  Subdivision (b)(6)(A) requires a sentencing court to impose the lower term if "a

4

contributing factor in the commission of the offense" was that the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (*Ibid*.)  But the lower term need not be imposed if "the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interest of justice."[3]  (*Ibid*.)

Appellant claims that before she was resentenced, "defense counsel . . . pointed out and presented evidence that [she] had suffered childhood abuse which caused 'tremendous hardship.' [Record citation.]  In part . . . [the childhood abuse had] led to the drug abuse and other factors that led to appellant's criminality."

_____

[3] "During the 2021-2022 legislative term, three bills proposing changes to section 1170 in a variety of ways were introduced.  They were Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 . . . (Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 . . . (Stats. 2021, ch. 731, § 1.3).  All three bills were passed by the Legislature in September 2021, and approved by the Governor and filed with the Secretary of State on October 8, 2021.  Senate Bill No. 567 . . . bears the highest chapter number and is presumed to be the last of the three approved by the Governor.  (Gov. Code, § 9510.)  As such, Senate Bill No. 567 . . . prevails over Assembly Bill No. 124.  (Gov. Code, § 9605, subd. (b).)  To the extent there are conflicts between the three bills, Senate Bill No. 567 . . . takes precedence.  [Citation.]  As to subdivision (b)(6)(A) of section 1170, however, the substantive language in Assembly Bill No. 124, Senate Bill No. 1540 . . ., and Senate Bill No. 567 . . . are not in conflict.  For ease of discussion, [we] refer to Assembly Bill No. 124 rather than Senate Bill No. 567 . . . ." (*People v. Banner* (2022) 77 Cal.App.5th 226, 243, fn. 2 (conc. & dis. opn. of Detjen, acting P.J.).)

Appellant asserts, "Given that the law was changed so drastically to require imposition of the lower term in limited circumstances, which may be applicable in the instant case, . . . the matter should be remanded to allow counsel and the court to consider whether the requirements of AB 124 can be met and the lower term therefore be mandated."

*People's Argument*

The People insist that, because appellant entered into a negotiated disposition with a stipulated sentence of 18 years, "the trial court had no discretion to choose one of three possible base terms when sentencing appellant. And, given that the court lacked discretion to impose a different term, section 1170, subdivision (b)(6), does not apply." The People contend that, "by its very terms, section 1170, subdivision (b)(6), applies when a trial court is exercising 'its sound discretion' when considering what sentence to be imposed. (§ 1170, subd. (b)(1).)"

*Section 1170(b)(6) Is Inapplicable Because Appellant Pleaded*<br>*Guilty Pursuant to a Plea Bargain with a Stipulated Sentence*

Appellant's claim that she is entitled to the benefit of section 1170, subdivision (b)(6) "relies on the principle that 'the general rule in California is that plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.' [Citation.] 'That the parties enter into a plea agreement thus does not have the effect of insulating them from [subsequent] changes in the law that the Legislature has intended to apply to them' [citation], and '[i]t follows . . . that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement' [citation]." (*Stamps, supra,* 9 Cal.5th at pp. 695-696.)

6

But here the negotiated disposition included a stipulated sentence that was substantially less than the potential life sentence for the charged offense with the prior strikes. "'[A] judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] . . . Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.". . .'" (*People v. Segura* (2008) 44 Cal.4th 921, 931.)

The Court of Appeal considered a similar situation in *People v. King* (2020) 52 Cal.App.5th 783 (*King*). There, King was charged with "30 counts of physical and sexual abuse against two stepchildren." (*Id.* at p. 787.) Pursuant to a plea bargain, he pleaded guilty to five counts "and the People dismissed the remainder of the counts. As part of the plea agreement, the parties agreed to a stipulated sentence of 30 years in prison." (*Ibid.*)

King "appeal[ed] from an order denying his petition for recall of sentence pursuant to Penal Code section 1170.91, subdivision (b), which provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service if they were sentenced to a determinate term prior to January 1, 2015, and the sentencing court did not consider the mental health and substance abuse problems as factors in mitigation." (*King, supra,* 52 Cal.App.5th at p. 786, fn. omitted.)

7

The appellate court held that King was not eligible for section 1170.91, subdivision (b) relief because his plea bargain included a stipulated 30-year sentence. The court explained: "[T]he Legislature cannot have intended the resentencing relief that it enacted in section 1170.91, subdivision (b)(1) to apply to petitioners who, like King, were sentenced according to a stipulated sentence for a term of years rather than according to the trial court's exercise of discretion to choose between an upper, middle and lower term based on factors in mitigation and aggravation." (*King*, *supra*, 52 Cal.App.5th at p. 793.) Since "King agreed to a stipulated sentence for a term of years in 2009, . . . the trial court . . . would have no discretion on resentencing to depart from the stipulated sentence regardless of King's mental health and substance abuse problems." (*Id*. at pp. 786-787.)

Like the trial court in *King*, the trial court here had no discretion on resentencing to depart from the stipulated sentence regardless of whether appellant had "experienced psychological, physical, or childhood trauma" within the meaning of section 1170, subdivision (b)(6)(A).

There is a good reason for our holding today. Years ago, our Supreme Court held that a defendant may not retain the favorable aspects of a plea bargain and jettison its unfavorable aspects. (*People v. Collins* (1978) 21 Cal.3d 208, 215; see also *People v. Blessing* (1979) 94 Cal.App.3d 835, 839, fn. 3.) As cogently stated in *People v. Couch* (1996) 48 Cal.App.4th 1053, 1056-1057: "'Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack *fundamental jurisdiction* . . . . The rationale behind this policy is

8

that defendants who have received the benefit of their bargain should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process. (*People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123).'" (See also *People v. Hester* (2000) 22 Cal.4th 290, 295; *In re Troglin* (1975) 51 Cal.App.3d 434, 438-439.)

*Disposition*

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

9

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Acting Supervising Deputy Attorney General, Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.