Filed 4/30/20

<u>CERTIFIED FOR PUBLICATION</u>

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>IVAN DAVIS,<br><br>    Defendant and Appellant. | F077426<br><br>(Tulare Super. Ct. No. VCF294982)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Peter J. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant appeals from a judgment rendered from his resentencing on a plea bargain.  He contends the matter should be remanded because Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1, 2; SB 1393) came into effect after his resentencing, and that the court erred in imposing certain fines and fees without properly determining his ability to pay.  We conclude that remand pursuant to SB 1393 would be futile, and therefore do not address the Attorney General's alternative argument that defendant's claim is non-

cognizable in the absence of a certificate of probable cause. We also find that defendant forfeited his ability-to-pay claim. We affirm the judgment.

## BACKGROUND

Defendant was convicted of first degree burglary (Pen. Code, §§ 459, 460, subd. (a); count 1);[1] unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 2); receiving a stolen motor vehicle (§ 496d, subd. (a); count 3); and pled no contest to misdemeanor domestic battery (§ 243, subd. (e)(1); count 4).[2] Defendant admitted he previously suffered prior strike and serious felony convictions (§§ 667, subds. (a), (b)–(i), 1170.12, subds. (a)–(d)). (*People v. Davis* (Sept. 25, 2017, F071582) at pp. 2–3 [nonpub. opn.] (*Davis I*).)

In an unpublished opinion filed in September 2017, this court reversed the convictions on counts 1 and 3, affording the prosecution the option to retry count 1, but dismissing count 3. (*Davis I*, *supra*, F071582, at p. 9.) We otherwise affirmed the judgment. (*Ibid.*)

On remand, the parties reached a plea bargain. On January 23, 2018, defendant pled no contest to count 1 (first degree burglary), and admitted he had a prior conviction under section 667, subdivision (a)(1). Before accepting the plea, the court said:

> "So what we're talking about here is that as to Count 1, you would enter a plea to a first degree residential burglary, which is a strike.… [¶] … [¶] So – and the Court would strike the strike and impose the mid term of four years plus an additional five years, and run it concurrent with the time you're already doing."

On April 4, 2018, the court sentenced defendant to nine years in prison, comprised of four years for first degree burglary and five years for the prior conviction

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] Neither party describes the facts of the underlying charges as they are not material to the issues raised on appeal. We will follow suit.

2.

enhancement. (§ 667, subd. (a)(1).)[3] The court also imposed a restitution fine of $5,000; a suspended parole revocation restitution fine of $5,000; a court operations assessment of $120; and a criminal convictions assessment of $90. The court found that defendant had no ability to pay his appointed attorney fees.

## DISCUSSION

## I. Remand Pursuant to SB 1393 Would be Futile

In accordance with defendant's plea bargain, he was sentenced to a total of nine years in state prison. Five of those years were imposed for the prior serious felony enhancement (§ 667, subd. (a)(1)) he admitted to as part of the plea bargain.

"Prior to 2019, trial courts had no authority to strike a serious felony prior that is used to impose a five-year enhancement under section 667, subdivision (a)(1). [SB] 1393 removed this prohibition. (Stats. 2018, ch. 1013, §§ 1, 2.) The legislation became effective January 1, 2019. [Citation.]" (*People v. Jones* (2019) 32 Cal.App.5th 267, 272.) By virtue of SB 1393's modifications to section 1385, a court may now strike a prior serious felony enhancement (or the additional punishment therefore) if doing so would be "in furtherance of justice." (§ 1385, subd. (b).)

Defendant argues, and the Attorney General agrees, that SB 1393 applies to him retroactively. Defendant contends we must therefore remand for the trial court to decide how it wishes to exercise the discretion provided by SB 1393. The Attorney General contends, and we agree, that remand "would be futile."[4]

---

[3] The court also sentenced defendant to a concurrent term of two years on count 2 (unlawful driving or taking of a vehicle) and imposed no imprisonment time for count 4.

[4] As a result, we do not resolve the certificate of probable cause issue raised by the Attorney General. We note there is a split of authority on this issue among other appellate districts. (Compare *People v. Williams* (2019) 37 Cal.App.5th 602, 603, review granted Sept. 25, 2019, S257538 [holding that certificate is required] and *People v. Kelly* (2019) 32 Cal.App.5th 1013, 1016, review granted June 12, 2019, S255145 [holding that certificate is required] with *People v. Stamps* (2019) 34 Cal.App.5th 117, 121–124, review granted June 12, 2019, S255843 [holding no certificate required].)

Remand is not warranted where the record clearly indicates the court would not have stricken the prior serious felony enhancement even if it had the discretion afforded by SB 1393. (See *People v. Bell* (Apr.1, 2020, F074656) __ Cal.App.5th __ [2020 Cal.App.LEXIS 263, *68–*69]; *People v. Jones*, *supra*, 32 Cal.App.5th at p. 273.) For the reasons explained below, we conclude the record clearly indicates that remand would be futile.

A court has broad discretion to accept or reject a plea bargain. (*In re Falco* (1986) 176 Cal.App.3d 1161, 1165.) Indeed, "it lies within the exclusive province of the court to accept or reject a proffered plea bargain [citations] .…" (*Ibid.*) However, while a court may accept or reject a plea bargain in its entirety, a court may not *alter* a plea agreement by striking or dismissing one of its components. (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1217–1218; see also § 1192.5 ["the court may not proceed as to the plea other than as specified…"].)

If we were to remand for resentencing, the court could not simply strike the prior serious felony enhancement under SB 1393 at the resentencing hearing. The court would only have two options: (1) to "proceed as to the plea … as specified in the plea" (§ 1192.5) by declining to strike the prior serious felony enhancement under SB 1393 or (2) withdraw its approval of the entire plea bargain (§ 1192.5). It is not an option for the court to leave its approval of the plea bargain intact and then modify its terms by striking the enhancement under SB 1393. (See *People v. Segura* (2008) 44 Cal.4th 921, 931–932; *People v. Ames*, *supra*, 213 Cal.App.3d at pp. 1217–1218; see also § 1192.5.)

As a result, to determine whether remand would be futile here, we ask whether the record clearly indicates the court would not have withdrawn its approval of the plea bargain at resentencing if SB 1393 had been in effect. As explained below, we think it is clear the court would not have withdrawn its approval of the plea bargain if SB 1393 had been in effect.

SB 1393 now permits courts to strike prior serious felony enhancements in "furtherance of justice."  But even before SB 1393 it was the trial court's "exclusive province" to approve or reject defendant's plea bargain.  (*In re Falco*, *supra*, 176 Cal.App.3d at p. 1165.)  Thus, both *before* and after SB 1393, the court was empowered to reject the plea bargain if it felt that imposing the prior serious felony would be too harsh (or for any other reason that would satisfy section 1385's "furtherance of justice" standard that now applies to prior serious felony enhancements under SB 1393.)  The fact that the court chose to sentence defendant on the plea bargain – even when it had discretion to reject the plea bargain – shows it would not make a different decision on remand when there has been no material change in the scope of its discretion.  Put another way, since SB 1393 did not materially expand the scope of the trial court's authority to reject the plea bargain due to its inclusion of the prior serious felony enhancement, there is no reason to think the court would make a different decision on remand than it did when it approved the plea bargain.[5]

## II.    Defendant Forfeited his Challenge to Fees Imposed Under Sections 1202.4, 1465.8 and Government Code section 70373

Defendant next contends the court erred by imposing fees under sections 1202.4, 1465.8 and Government Code section 70373 without determining whether he had the ability to pay.  (See generally *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).)  The Attorney General argues, and we agree, that defendant forfeited this challenge by failing to object below.

In *Dueñas*, the Second District held that "that due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to

---

[5] We note that a different conclusion was reached in *People v. Ellis* (2019) 43 Cal.App.5th 925, 945–946, review granted February 26, 2020, S260261..

Defendant also relies on *People v. Hurlic* (2018) 25 Cal.App.5th 50, for the certificate of probable cause issue.  However, *Hurlic* did not publish its analysis of the futility of remand issue.

pay before it imposes court facilities and court operations assessments under … section 1465.8 and Government Code section 70373."[6] (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) This court has held that *Dueñas* was "wrongly decided." (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1068.) Important here, we also held that a defendant forfeits an "ability to pay challenge" by failing to object to the amounts imposed at the sentencing hearing. (*Id*. at pp. 1073–1075.)

Defendant concedes he did not object below. Under *Aviles*, this failure to object forfeited his ability-to-pay challenge.[7]

### DISPOSITION

The judgment is affirmed.

POOCHIGIAN, Acting P.J.

WE CONCUR:

DETJEN, J.

FRANSON, J.

---

[6] Whether a court must consider a defendant's ability to pay before imposing fines, fees, and assessments is currently under review by the Supreme Court. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

[7] Defendant asks us to reconsider *Aviles*, which we decline to do.