Filed 8/21/20  P. v. Rash CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C089069 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF00409) |
| v. | |
| RYAN SCOTT RASH, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, defendant Ryan Scott Rash was convicted of felony reckless evading a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)) with a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).[1]  He was sentenced to a stipulated term of four years, consisting of three years for reckless evading, plus a one-year enhancement for the prison prior.  After sentencing, but while his case was pending on appeal, the Legislature enacted Senate Bill No. 136 (2019-2020

---

[1]    Undesignated statutory references are to the Penal Code.

1

Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590, § 1), amending section 667.5, subdivision (b) to eliminate the one-year enhancement for offenses that are not sexually violent.  (§ 667.5, subd. (b).)

On appeal, defendant contends, and the People agree, that Senate Bill 136 applies retroactively to his case and requires that the one-year prior prison term enhancement be stricken from his sentence.  We agree that, by virtue of the retroactive change in the law, defendant's one-year enhancement is unauthorized and must be stricken.  We reverse the judgment and remand this matter to the trial court with directions to strike the enhancement.  In accordance with the California Supreme Court's recent decision in *People v. Stamps* (2020) 9 Cal.5th 685, 705-709 (*Stamps*), we also direct the court to allow the prosecution an opportunity to withdraw its assent to the plea agreement.

PROCEDURAL BACKGROUND

Because the facts underlying defendant's conviction are not relevant to our determination of the issues on appeal, we limit our recitation of the facts to the procedural history relevant to defendant's claim.

In September 2018, the People filed an amended information charging defendant with one count of felony reckless evading a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)).  The information also alleged that defendant had served a prior prison term (§ 667.5, subd. (b)) for a 2016 conviction under section 29800, as well as a strike prior (§ 667, subd. (b)-(j)) for a 2005 conviction under Vehicle Code section 10851 and Penal Code section 12022.5.

Defendant's first trial ended in a mistrial.  In December 2018, before a jury was empaneled for his second trial, defendant accepted a negotiated plea.  He pleaded no contest to felony reckless evading (Veh. Code, § 2800.2, subd. (a)), admitted the prison prior (§ 667.5, subd. (b)), and agreed to a stipulated sentence of four years, consisting of the upper term of three years for the felony reckless evading count, plus a one-year

2

enhancement for the prison prior.[2]  In return, the People dismissed the strike prior and a misdemeanor in a different case.

Before sentencing, defense counsel filed a sentencing brief asking the court to exercise its supposed discretion to run the enhancement for the prior prison term concurrent to the three-year term.[3]  The court denied this request.  On January 17, 2019, the court sentenced defendant to the agreed-upon sentence of four years.

On March 15, 2019, defendant timely appealed.  He did not request or obtain a certificate of probable cause.

DISCUSSION

I

*Requirement of Certificate of Probable Cause*

As described above, defendant's stipulated sentence of four years included a one-year enhancement for a prison prior under section 667.5, subdivision (b).  Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), such that the one-year enhancement applies only if a defendant's prior prison term was served for a sexually violent offense.  (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Because defendant did not serve his prior prison term for a sexually violent offense, and because his conviction is not final, defendant contends the one-year enhancement must be stricken from his sentence.[4]

---

[2]  Contrary to what defendant argues, we find the record clear that defendant agreed to a stipulated sentence of four years.

[3]  The court had no such discretion; section 667.5, subdivision (b) mandated consecutive sentencing.  (*People v. Savedra* (1993) 15 Cal.App.4th 738, 746-747.)

[4]  We need not address defendant's passing assertion that his trial counsel was ineffective in failing to explain the terms of the plea agreement to him, because this argument is not presented under a discrete heading, nor is it supported by citation of

In general, when a defendant pleads guilty or no contest, the defendant may not appeal without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [§ 1237.5 is applied strictly].) However, a certificate is not necessary if the appeal is based solely upon postplea claims that do not challenge the validity of the plea. (*Cuevas, supra*, at p. 379.) In determining whether the certificate requirement applies to claims challenging a sentence imposed after a guilty or no contest plea, the critical inquiry is whether the claim is, in substance, a challenge to the validity of the plea. (*People v. Buttram* (2003) 30 Cal.4th 773, 781-783, 786-787 [distinguishing challenges to the plea itself from challenges to issues reserved or left open by the agreement].)

Before the California Supreme Court's recent decision in *Stamps, supra*, 9 Cal.5th 685, there were divergent views amongst the Courts of Appeal over whether a defendant who has pleaded to a stipulated sentence must obtain a certificate of probable cause before seeking the benefits of an ameliorative change in the law.[5] In *Stamps*, the Supreme Court resolved the split by holding that a postplea claim for relief seeking retroactive application of a subsequently enacted, ameliorative change in the law does not

authority. (Cal. Rules of Court, rule 8.204(a)(1)(B); *People v. Carroll* (2014) 222 Cal.App.4th 1406, 1412, fn. 5.) In any event, where a defendant on appeal contends his plea should be set aside or withdrawn because of ineffective assistance of counsel, the defendant must first obtain a certificate of probable cause. (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245; *People v. Cotton* (1991) 230 Cal.App.3d 1072, 1079.)

[5] The split developed over whether a certificate of probable cause was required for a defendant to challenge a negotiated sentence on appeal based on changes in the law made by Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393), which provided trial courts with discretion to dismiss or strike a prior serious felony conviction for purposes of the five-year enhancement under section 667, and Senate Bill No. 620 (2017-2018 Reg. Sess.), which provided trial courts with discretion to strike or dismiss firearm sentencing enhancements under section 12022.53. (See *People v. Ellis* (2019) 43 Cal.App.5th 925, 933-940 [summarizing cases], review granted Feb. 26, 2020, S260261; *People v. Williams* (2019) 37 Cal.App.5th 602, 604 [same], review granted Sept. 25, 2019, S257538.)

4

constitute an attack on the validity of the plea, and therefore does not require a certificate of probable cause. (*Stamps, supra*, 9 Cal.5th at pp. 694-698.) As the People concede, *Stamps* forecloses any argument that defendant's failure to obtain a certificate of probable cause bars review of his claim.

II

*Application of Senate Bill 136*

Defendant argues that Senate Bill 136 applies retroactively to his case. The People agree, as do we.

Under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), when the Legislature amends a statute to lessen the punishment for a crime, courts will assume, absent evidence to the contrary, that the Legislature intended the new law to extend "as broadly as possible" to all defendants whose judgments are not yet final. (*People v. Conley* (2016) 63 Cal.4th 646, 657; *People v. Brown* (2012) 54 Cal.4th 314, 323; *Estrada, supra*, 63 Cal.2d at p. 745.) Eliminating the one-year enhancement for a prison prior constitutes an ameliorative change in the law within the meaning of *Estrada*. (*Stamps, supra*, 9 Cal.5th at p. 699; *People v. Buycks* (2018) 5 Cal.5th 857, 881-882.) Thus, in the absence of clear legislative intent to the contrary, we presume the Legislature intended the ameliorative change to apply to all cases in which a judgment is not yet final on appeal, including judgments based on plea agreements.[6] (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341; *People v. Jennings, supra*, 42 Cal.App.5th at p. 682; *People v. Winn, supra*, 44 Cal.App.5th at pp. 872-873; see also *Stamps, supra*, 9 Cal.5th at pp. 699, 705.) Because

---

[6]    The legislative history of Senate Bill 136 further supports the view that the legislation was intended to apply broadly. The Senate floor analysis for the bill states that the legislation was enacted to "repeal[] a costly and ineffective 1-year sentence enhancement" that "re-punishes people for previous jail or prison time served," "exacerbat[ing] existing racial and socio-economic disparities in our criminal justice system." (Sen. Rules Com., Office of Sen. Floor Analyses, Analysis of Sen. Bill No. 136 (2019-2020) as amended Sept. 3, 2019, p. 2.)

it is undisputed that defendant's conviction is not final, we conclude Senate Bill 136 retroactively applies to his case.

Senate Bill 136 amended section 667.5, subdivision (b), such that a one-year enhancement for a prior prison term is imposed only if the prior prison term was for a sexually violent offense. (*People v. Winn, supra*, 44 Cal.App.5th at p. 872.) Because defendant did not serve his prior prison term for a sexually violent offense, his one-year enhancement, which was lawful at the time of sentencing, is now unauthorized. (See *In re Blessing* (1982) 129 Cal.App.3d 1026, 1030; *People v. Harvey* (1980) 112 Cal.App.3d 132, 139.)

### III

### *Remedy*

In their opening briefs, the parties agreed that if Senate Bill 136 applied, the proper remedy would be to strike the one-year enhancement for the prior prison term while otherwise leaving the plea bargain intact. However, we requested supplemental briefing from the parties in light of the Supreme Court's intervening decision in *Stamps, supra*, 9 Cal.5th 685.

In *Stamps*, the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year sentence consisting of two years for the burglary, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), plus five years for a prior serious felony enhancement (§ 667, subd. (a)(1)). (*Stamps, supra*, 9 Cal.5th at p. 693.) In exchange for the plea, two other counts of first degree burglary and a second prior serious felony enhancement allegation were dismissed. (*Ibid.*)

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement imposed under section 667, subdivision (a)(1). (*Stamps, supra*, 9 Cal.5th at p. 693.) However, while defendant's appeal was pending, Senate Bill 1393 (2017-2018 Reg. Sess.) took effect, giving trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 693.) On appeal, the defendant argued that Senate Bill

6

1393 applied retroactively to his case and required a remand so the trial court could decide whether to strike the serious felony enhancement, while otherwise preserving the plea agreement. (*Stamps*, at p. 693.)

After concluding that the defendant was not required to obtain a certificate of probable cause, and that Senate Bill 1393 applied retroactively to his case on appeal, the Supreme Court turned to the question of remedy. (*Stamps, supra*, 9 Cal.5th at pp. 700-709.) The court rejected the defendant's argument that the proper remedy was to remand the matter to the trial court to consider striking the serious felony enhancement, while otherwise maintaining the balance of the negotiated plea agreement. (*Id*. at p. 700.) Noting that the parties entered into a plea agreement for a specific prison term, the court held that under long-standing law (see, e.g., § 1192.5), once a court has accepted the terms of a plea agreement, it cannot modify the terms of that bargain without the agreement of the parties. (*Stamps*, at pp. 700-701.) While recognizing that the Legislature *could* authorize courts to modify or invalidate the terms of a plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps*, at pp. 702-704.)

In reaching its conclusion, the court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held that the People are not entitled to withdraw from a plea agreement when a defendant petitions to have a felony conviction recalled and resentenced as a misdemeanor under Proposition 47 (enacted by the electorate Nov. 4, 2014). (*Stamps, supra*, 9 Cal.5th at pp. 702-704; see *Harris, supra*, at p. 993.) In *Harris*, it was undisputed that the defendant was entitled to have his conviction reduced and resentenced as a misdemeanor under Proposition 47. (*Harris*, at p. 989.) The question before the court was whether the People should be permitted to withdraw from the plea on the basis that the resentencing would deprive them of the benefit of their bargain. (*Id*. at pp. 988-989.) The court held that the answer to this question depended on the "intent

7

behind Proposition 47." (*Harris*, at p. 991.) Based on "unambiguous language" that Proposition 47 applies to defendants convicted by plea, and the expressed intent of Proposition 47 to reduce the number of nonviolent offenders in state prisons, the court concluded that the Legislature intended to modify or invalidate the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at pp. 992-993.)

Unlike the legislation in *Harris*, the court noted that Senate Bill 1393 was "silent regarding pleas." (*Stamps, supra*, 9 Cal.5th at p. 704.) Further, the court held, allowing a defendant to strike an enhancement under Senate Bill 1393 while otherwise retaining the benefits of the bargain would frustrate the legislative intent to have the law apply uniformly, by creating "special rules" for plea cases. (*Stamps*, at p. 704.) Thus, the court held that Senate Bill 1393 was not intended "to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.)

Rejecting the defendant's argument that he should be permitted to " ' "whittle down the sentence 'but otherwise leave the plea bargain intact' " ' " (*Stamps, supra*, 9 Cal.5th at p. 706), the court concluded in *Stamps* that the proper remedy is to give defendant the choice whether to seek relief under Senate Bill 1393, knowing that if the trial court exercises its discretion to strike the enhancement, the People (and the court) will be entitled to withdraw their prior approval of the plea agreement. (*Stamps*, at pp. 706-709.)

In supplemental briefing, defendant argues that we should follow *Harris*, not *Stamps*, and strike the one-year enhancement for the prison prior while otherwise leaving the plea bargain intact. Defendant argues that because Senate Bill 136 is mandatory, and the trial court lacks any sentencing discretion except to eliminate the enhancement, the court has no choice but to strike the enhancement while leaving the remainder of the agreement intact. He further argues that the ameliorative purpose of Senate Bill 136

8

would be nullified for defendants convicted by pleas if striking the enhancement allowed the People to withdraw from the agreement.

The People argue in their supplemental briefing that we should follow *Stamps* and, on remand, allow the prosecution the opportunity to choose whether to uphold the remainder of the plea without the enhancement or withdraw their approval. The primary question, they contend, is not whether Senate Bill 136 is mandatory or discretionary, but whether the Legislature intended to allow courts to unilaterally modify the terms of a negotiated plea agreement without affording the People an opportunity to withdraw their approval. Like the legislation in *Stamps*, and unlike the legislation in *Harris*, the People argue that Senate Bill 136 does not expressly apply to plea cases. Thus, they submit, *Stamps* should control.

We find the People's reasoning more persuasive. The changes made by Senate Bill 136 limiting the prior offenses that qualify for a prior prison term enhancement, are similar to the changes made by Senate Bill 1393, allowing courts to dismiss a serious felony enhancement in furtherance of justice. Although Senate Bill 136 is mandatory, and the trial court's authority under Senate Bill 1393 is discretionary, both *Stamps* and *Harris* make clear that the key inquiry is not whether legislation is mandatory or discretionary, but whether the Legislature intended the legislation to overturn existing law that a court cannot modify an agreed-upon term without the parties' agreement. (*Stamps, supra*, 9 Cal.5th at pp. 701-705; *Harris, supra*, 1 Cal.5th at pp. 991-992.) We conclude that Senate Bill 136 reflects no such intent, as it is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the

9

Legislature intended to create special rules for plea cases."[7] (*Stamps, supra*, 9 Cal.5th at p. 704.)

The one-year prior prison term enhancement was a material part of defendant's plea bargain, under which the People dismissed a strike prior and an unrelated misdemeanor from a different case. As a result of the retroactive change in the law, the one-year enhancement is no longer authorized and must be stricken. Thus, we remand this matter to the trial court with directions to strike the enhancement, allowing the People (and the court) the opportunity to withdraw their approval of the plea.

### DISPOSITION

The judgment is reversed and remanded to the superior court with directions to strike the one-year prior prison term enhancement under section 667.5, subdivision (b), and to allow the People and court the opportunity to withdraw their prior approval of the plea agreement. Once the new judgment is entered, the trial court is directed to prepare a new abstract of judgment, reflecting the new judgment, and forward a copy to the Department of Corrections and Rehabilitation.

                                        KRAUSE            , J.

We concur:


      HULL             , Acting P. J.



      MURRAY          , J.

---

[7]    Our interpretation does not nullify the legislative purpose behind the ameliorative provisions of the legislation because the legislation was never intended to overturn the "well-settled law" that a court lacks discretion to modify a plea agreement without the parties' consent. (*Stamps, supra*, 9 Cal.5th at p. 702.)

10