Filed 12/22/20  P. v. Djissa CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306152 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA074001) |
| v. | |
| HENRIMICHEL DJISSA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

On July 9, 2019, appellant HenriMichel Djissa pleaded no contest to one count of assault with a semiautomatic firearm pursuant to Penal Code section 245, subdivision (b).[1]  He admitted an allegation that he personally inflicted great bodily injury in the commission of the offense, pursuant to section 12022.7, subdivision (a); and an allegation that he personally used a firearm, pursuant to section 12022.5, subdivisions (a) and (d).  Djissa waived time for sentencing.  The trial court sentenced him the same day to a total of nine years in state prison, consisting of the low term of three years for the assault charge, a consecutive term of three years for the great bodily injury enhancement, and a consecutive term of three years for the personal use of a firearm.

On March 25, 2020, Djissa filed a motion for modification of his sentence in the trial court.  He argued that he should be resentenced pursuant to amendments to the Penal Code enacted by Senate Bill No. 620, which authorized the trial court to strike certain firearm enhancements.  The trial court construed the motion as a motion to recall the sentence under section 1170, subdivision (d).  The trial court denied the motion on the following grounds: the motion was not timely filed within 120 days of sentencing; Senate Bill No. 620 did not create an independent right to resentencing; Djissa failed to identify another law that entitled him to resentencing; and Djissa waived any such claim by entering into a plea agreement to resolve his case.

Djissa timely appealed the trial court's denial of his motion. We appointed counsel for Djissa, who filed a brief raising no

---

[1] Statutory references are to the Penal Code.

issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496.  We sent a letter to Djissa advising that he could submit a supplemental brief raising any issues he wanted us to consider, and directing counsel to send the record and opening brief to Djissa.  In response, Djissa timely filed a supplemental brief.

## DISCUSSION

Djissa argues that he is entitled to relief pursuant to Senate Bill No. 620, which authorizes the trial court to exercise its discretion to strike or dismiss the personal use enhancement imposed under section 12022.5.  He seeks an order that the trial court apply this amendment and resentence him.

Senate Bill No. 620 amended section 12022.5 to authorize a trial court to strike or dismiss a firearm enhancement "at the time of sentencing."  (§ 12022.5, subd. (c).)  The amendment was effective as of January 1, 2018, well before Djissa entered his plea and was sentenced in July 2019.  (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 54.)  Djissa does not cite a legal basis for the trial court to consider the application of the amendment in post-conviction proceedings.  His reliance on *Hurlic* is misplaced, as the facts and circumstances of that case have no application here.  (See *id.* at p. 53 [considering appeal by the defendant who pleaded no contest prior to the enactment of Senate Bill No. 620].)  Moreover, his no contest plea forecloses review of his sentence on the grounds he raises here.  (See § 1237.5, subd. (a) [following entry of a plea of guilty or no contest, no appeal shall be taken unless the defendant shows "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [a defendant generally may not take an appeal following entry of a

3

plea of guilty or no contest "except on grounds going to the legality of the proceedings, including the validity of his plea"].)

There are no facts in the record to suggest that the trial court or counsel concluded that the amendment to section 12022.5 was not applicable to Djissa's case, or that Djissa was so advised.

We also note that to the extent that Djissa's request for relief can be construed as a motion to recall the sentence, a trial court may recall a sentence on its own motion within 120 days of sentencing. (§ 1170, subd. (d)(1).) Section 1170, subdivision (d), does not authorize a defendant to initiate a sentence recall proceeding in the trial court. (*People v. Loper* (2015) 60 Cal.4th 1155, 1165.) Thus, Djissa's motion before the trial court was both untimely and procedurally improper.

We are satisfied that Djissa's counsel has fulfilled his responsibilities (see *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1039, review granted Oct. 14, 2020, S264278), and conclude that the appeal raises no arguable issues.

## DISPOSITION

The trial court's April 20, 2020, order denying Djissa's motion to recall his sentence under section 1170, subdivision (d) is affirmed.

NOT TO BE PUBLISHED

FEDERMAN, J.[*]

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5