Filed 1/25/21  P. v. Quintero CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>REY DAVID QUINTERO,<br><br>    Defendant and Appellant. | B307020<br><br>(Los Angeles County<br>Super. Ct. No. PA039154) |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

On June 11, 2002, a jury convicted Rey David Quintero of two counts of attempted deliberate and premeditated murder (Pen. Code, §§ 664/187, subd. (a)) each with allegations of personal and intentional use of a firearm proximately causing great bodily injury. (Pen. Code,[1] §§ 12022.53, subds. (b), (c) & (d) & 12022.5, subd. (a)(1)[2].)

On July 18, 2002, the trial court sentenced Quintero to life imprisonment with the possibility of parole to be served consecutively on counts 1 and 2, plus on each count, 25 years to life for the firearm allegation in section 12022.53, subdivision (d)[3]

---

[1] All undesignated statutory references are to the Penal Code.

[2] At the time Quintero was sentenced, section 12022.5, subdivision (a)(1) provided: "Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of the offense of which he or she was convicted." (Former § 12022.5, subd. (a)(1).) Section 12022.5, subdivision (a) was subsequently amended. (See Stats. 1999, ch. 129, § 5.)

Currently, section 12022.5, subdivision (a) provides: "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." (§12022.5, subd. (a).)

[3] Pursuant to section 12022.53, subdivision (j), the trial court stayed imposition of sentence on the enhancements in then

consecutive to the latter life sentences for a "total sentence" of "life plus life plus 50 years to life." On November 21, 2003, we affirmed the judgment with modification, directing the trial court to give Quintero an additional day of custody credit.[4] The remittitur issued on March 19, 2004.

On July 2, 2020, Quintero in propria persona filed a "Motion to Remand Case" asking the trial court to modify his sentence by exercising its discretion to strike the firearm enhancements under then recent legislation, Senate Bill No. 620 (2017–2018 Reg. Sess.). Senate Bill No. 620 amended section 12022.53 to "grant trial courts, for the first time, the discretion to strike section 12022.53's firearm enhancements. (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.)." (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 54 (*Hurlic*).

On July 7, 2020, the trial court denied the motion because Quintero's case "became final in 2002" and "there is no separate independent ground for resentencing." On July 20, 2020, Quintero timely filed a notice of appeal.

On September 21, 2020, we appointed appellate counsel, who on October 20, 2020, filed a brief asking us to follow the procedures in *People v. Serrano* (2012) 211 Cal.App.4th 496 and identifying no issues. Counsel stated he would inform Quintero that he could file a supplemental brief and/or request the court to relieve counsel. On October 21, 2020, we notified Quintero that he had 30 days within which to file a supplemental brief or letter

existing section 12022.5, subdivision (a)(1) and section 12022.53, subdivisions (b) and (c).

[4] On December 17, 2003, we modified our opinion. This modification is not germane to this appeal.

stating any grounds for an appeal or arguments that he wished us to consider. Quintero filed a letter brief on November 6, 2020.

The order before us involves a denial of postconviction relief. We thus have no independent duty to review the record for reasonably arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034[5] ["[W]e reject the notion that the Constitution compels the adoption or extension of [*People v. Wende* (1979) 25 Cal.3d 436] procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel."].) If a defendant files a supplemental brief, we are "required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)." (*Cole*, at p. 1040.)

On October 11, 2017, the Governor signed Senate Bill No. 620, which went into effect on January 1, 2018,[6] and gave the trial courts authority to strike firearm enhancements—authority trial courts did not have previously. We have held that Senate Bill No. 620 applies retroactively to cases not yet final as of the date of its enactment. (*Hurlic*, *supra*, 25 Cal.App.5th at p. 56.) Defendant's case became final well before Senate Bill No. 620's effective date. Quintero does not contest otherwise.

Defendant, however, argues that not applying Senate Bill No. 620 to a case like his that was already final as of Senate Bill

---

[5] The Supreme Court granted review in *People v. Cole* on October 14, 2020 (S264278).

[6] See *People v. Camba* (1996) 50 Cal.App.4th 857, 865–866 [operative date is "January 1 of the year following" enactment].

4

No. 620's effective date violates the Equal Protection Clauses of the United States and California Constitutions. Our colleagues in the Fifth District have rejected this argument in *People v. Baltazar* (2020) 57 Cal.App.5th 334. We do not disagree with their reasoning.

## DISPOSITION

The trial court's order dated July 7, 2020 denying defendant's motion to remand this case to strike his firearm enhancements is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.