Filed 12/8/21  P. v. Rodriguez CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075662 |
| v. | (Super.Ct.No. RIF102083) |
| WILLIAM RODRIGUEZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Arielle N. Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant and appellant William Rodriguez, Jr., appeals the summary denial of

his petition seeking recall of his sentence under Penal Code[1] section 1170.91, which

provides for resentencing of military members or veterans suffering from certain mental

health and substance abuse problems as a result of military service if the sentencing court

did not consider such problems as factors in mitigation.[2] Defendant contends the trial

court abused its discretion in summarily denying the petition because section 1170.91

expressly provides that it applies to cases resolved by guilty pleas. He thus claims he is

entitled to a hearing on the merits of the petition under section 1170.91, subdivision (b).

We find section 1170.91 does not apply to plea agreements with a stipulated prison term,

and therefore affirm the court's order.

II

BACKGROUND

On May 9, 2003, an amended information was filed charging defendant with

25 counts of committing a lewd and lascivious act on a child under 14 years old (§ 288,

subd. (a); counts 1-17 as to victim K.; counts 31-38 as to victim G.) and 13 counts of

annoying or molesting a child under 18 years old (§ 647.6, subd. (a), counts 18-30). As

to the 25 lewd and lascivious counts, the amended information alleged that defendant had

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The request for judicial notice filed by defendant/appellant on January 11, 2021, is granted.

engaged in substantial sexual conduct with the victims (§ 1203.066, subd. (a)(8)). As to count 38, the amended information alleged that defendant had committed a lewd and lascivious act against more than one victim (§ 667.61 subd. (e)(5)).

On October 23, 2003, pursuant to a negotiated disposition, defendant pleaded guilty to six counts of committing a lewd and lascivious act (counts 1, 2, 3, 32, 33, & 34) and one count of misdemeanor annoying or molesting a child (count 24). He also admitted the section 1203.066, subdivision (a)(8) enhancement allegation as to counts 1 and 2. In return, defendant was promised the remaining charges and enhancement allegations would be dismissed and he would be sentenced to a stipulated term of 45 years. That same day, the trial court sentenced defendant to 44 years in state prison, plus one year on count 24 to be served in any penal institution. The remaining charges and allegations were dismissed.

Approximately 16 years later, on September 18, 2019, defendant filed a petition to recall his sentence under section 1170.91. In support, defendant attached his military and mental health records, letters in support, and certificates of completion in various programs.

On January 21, 2020, the People opposed the petition. The People argued defendant was not eligible for mitigation of his sentence because there was no evidence his drinking problem was caused by his military service or that his alcohol dependency was a factor in the commission of the sexual molestations.

On July 30, 2020, defendant's appointed counsel filed a supplemental brief and declaration of defendant in support of the petition for resentencing, noting defendant's petition set forth facts showing he met the criteria for resentencing under section 1170.91. The People subsequently filed a supplemental response and opposition to resentencing, asserting defendant failed to show eligibility for resentencing under section 1170.91. The People also argued, in part, that even if defendant is eligible for resentencing, the court should not amend the sentence because the sentence was pursuant to a negotiated plea agreement.

A hearing to determine defendant's eligibility for resentencing under section 1170.91 was held on August 13, 2020. The trial court denied defendant's petition pursuant to *People v. King* (2020) 52 Cal.App.5th 783 (*King*). The court explained *King* holds section 1170.91, subdivision (b), "does not apply to people who have entered into a stipulated and negotiated disposition that the Court approves." Defendant appealed.

III

DISCUSSION

Defendant contends *King* was wrongly decided and that this court should not follow it because section 1170.91 expressly provides that it applies to cases resolved by guilty pleas and *King* misconstrues *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and section 1192.5. Defendant seeks reversal of the trial court's denial order and requests that we remand the matter for a hearing on the merits to determine if he meets the eligibility criteria under section 1170.91, subdivision (b). We disagree.

4

"We decide statutory interpretation de novo [citation], always taking as our starting point 'the statutory language because the words of a statute are generally the most reliable indicator of legislative intent.' [Citation.] Absent ambiguity, there is no need to go beyond the plain language of the statute at issue." (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1106 (*Brooks*).)

Section 1170.91, subdivision (a), provides that: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."

Section 1170.91, subdivision (b), allows a person currently serving a prison sentence for a felony conviction, "whether by trial or plea," to petition for a recall of his sentence and request resentencing pursuant to subdivision (a) "provided he meets the following initial requirements: (1) he is or was a member of the United States military, and (2) he 'may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of [such] military service . . . .'" (*Brooks, supra*, 58 Cal.App.5th at p. 1104; see § 1170.91, subd. (b).) "A section 1170.91, subdivision (b) petitioner must allege: '(A) [t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service

5

was not considered as a factor in mitigation at the time of sentencing,' and '(B) [t]he person was sentenced prior to January 1, 2015.'" (*Brooks*, at p. 1104; see § 1170.91, subd. (b).) "If those criteria are met, the petitioner may be resentenced, in the court's discretion, with trauma resulting from military service taken into account as a mitigating factor." (*Brooks*, at p. 1104.)

Defendant contends section 1170.91, subdivision (b), allows retroactive relief in cases that had been resolved by a plea bargain. As the trial court noted, the Court of Appeal in *King*, *supra*, 52 Cal.App.5th 783 recently addressed this issue. In that case, the court acknowledged that section 1170.91, subdivision (b)(1), provides that "'[a] person currently serving a sentence for a felony conviction, *whether by trial or plea*, . . . may petition for a recall of sentence.'" (*King*, at p. 790; § 1170.91, subd. (b)(1), italics added.) It stated that the defendant was not precluded from obtaining relief "merely because he entered into a plea agreement," but noted that the defendant "did not only enter into a plea. Unlike a defendant who enters into an open plea, [the defendant] also agreed to a specific prison term of 30 years." (*King*, at p. 790.)

Focusing on the language of the statute, the *King* court explained that the defendant was ineligible for relief, as follows: "A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' [Citation.] Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems 'when imposing a term under subdivision (b) of Section 1170.' [Citation.] A trial court that sentences

6

under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.' [Citation.] As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation." (*King*, *supra*, 52 Cal.App.5th at p. 791, italics omitted.)

The *King* court further clarified that "because King entered into a plea, which included a stipulated sentence for a term of 30 years, even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when sentencing King. Instead, based on the plea agreement, which remains in force, the trial court would still be required to impose the stipulated sentence of 30 years in prison. Therefore, King would not be able to obtain any relief in the form of a reduced sentence under section 1170.91, subdivision (b)." (*King*, *supra*, 52 Cal.App.5th at p. 791.)

7

Here, defendant stands in the same position as the defendant in *King*, and his argument fails for the same reasons. He agreed to a stipulated sentence of 45 years in prison pursuant to a plea agreement under which he pleaded guilty to seven counts and admitted two enhancements, and the court dismissed the remaining 31 counts and 24 enhancement allegations. Accordingly, the court did not consider factors in mitigation and aggravation or exercise discretion to decide between an upper, middle, or lower term when it sentenced defendant. (*King*, *supra*, 52 Cal.App.5th at p. 791; see §§ 1170, subd. (b), 1170.1, subd. (a).)

In other words, the court did not impose a sentence under section 1170, subdivision (b). Therefore, the relief provided under section 1170.91, subdivision (b), does not apply since defendant cannot be resentenced to an upper, middle, or lower term based on factors in mitigation and aggravation. (*King*, *supra*, 52 Cal.App.5th at p. 791; see *Brooks*, *supra*, 58 Cal.App.5th at pp. 1106-1109.) Because defendant entered into a plea that included a stipulated sentence for a term of 45 years, the trial court was precluded from considering his mental health and alcohol problems in mitigation and imposing a lesser prison sentence. (*King*, at p. 791.) "[A]ny exercise of discretion reducing [his] sentence would necessarily modify the terms of his plea agreement while otherwise leaving the plea agreement intact. Nothing in the statute suggests an intent to overturn, sub silentio, long-standing plea-bargaining law binding courts to the agreements they approve." (*Brooks*, at p. 1107.)

""""While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.  [Citation.]  'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.'  [Citations.]"""" (*Stamps*, *supra*, 9 Cal.5th at p. 701.)  Once the court accepted the negotiated plea agreement between defendant and the prosecutor, the court was required to impose the stipulated term of 45 years since the plea agreement remained in force.  (*King*, *supra*, 52 Cal.App.5th at p. 791.)  The court therefore properly concluded that section 1170.91 relief was not available to defendant and accordingly denied his petition.

Relying on *Doe v. Harris* (2013) 57 Cal.4th 64 and *People v. Hurlic* (2018) 25 Cal.App.5th 50 (*Hurlic*), defendant asserts a plea agreement does not have the effect of insulating the parties from changes in the law that the Legislature has intended to apply to them.  This argument was also raised and rejected in *King*.  The *King* court explained, "*Doe* merely states that changes in the law apply even to a defendant who entered into a plea agreement *if* the Legislature intended the change to apply to that defendant.  As we have explained, it is clear from the statutory language itself that the Legislature cannot have intended the resentencing relief that it enacted in section 1170.91, subdivision (b)(1) to apply to petitioners who, like King, were sentenced according to a stipulated sentence for a term of years rather than according to the trial court's exercise of discretion to choose between an upper, middle and lower term based on factors in mitigation and

9

aggravation.  Even if such a petitioner were afforded resentencing, the trial court would have no discretion to depart from the stipulated sentence for a specific prison term by considering any factors in mitigation, as the trial court is not 'imposing a term under subdivision (b) of Section 1170.'  (§ 1170.91, subd. (a).)"  (*King*, *supra*, 52 Cal.App.5th at p. 793.)

In addition, defendant's reliance on *Hurlic* is misplaced.  *Hurlic* involved resentencing pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.), which "amended section 12022.53 to grant trial courts, for the first time, the discretion to strike section 12022.53's firearm enhancements.  (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2.)"  (*Hurlic*, *supra*, 25 Cal.App.5th at pp. 53-54.)  In *Hurlic*, the Court of Appeal determined whether a certificate of probable cause was required to challenge the changes in the law "based on our Legislature's enactment of a statute that retroactively grants a trial court the discretion to waive a sentencing enhancement that was mandatory at the time it was incorporated into the agreed-upon sentence."  (*Id*. at p. 53.)  *Hurlic* concluded "the answer is 'no,' and h[e]ld that a certificate of probable cause is not required in these narrow circumstances."  (*Ibid*.)  The court explained, "Because we are unable to say that there is 'no reasonable possibility' that the trial court would decline to exercise its newfound sentencing discretion, we vacate the judgment and remand for a new sentencing hearing to decide whether to exercise that discretion."  (*Ibid*.)

10

*Hurlic* is inapposite here.  There is no reasonable probability that the trial court would impose a lesser sentence.  Unlike in *Hurlic*, "the trial court would have no discretion to depart from the stipulated sentence for a specific prison term by considering any factors in mitigation, as the trial court is not 'imposing a term under subdivision (b) of Section 1170.'  (§ 1170.91, subd. (a).)"  (*King*, *supra*, 52 Cal.App.5th at p. 793.) "When the Legislature makes an ameliorative change in the law that specifically contemplates the change will apply to all convictions, final or nonfinal, whether suffered by trial or plea, resentencing eligibility will follow, even for defendants whose convictions have been final for many years."  (*Brooks*, *supra*, 58 Cal.App.5th at p. 1107.) However, unlike a new legislation providing new discretion to dismiss an enhancement under section 1385, "section 1170.91 does not eliminate the legal basis for [defendant's] conviction or grant the trial court unfettered discretion to reconsider an aspect of his sentence that would in turn affect his plea bargain.  All it does is allow a court to take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad."  (*Brooks*, at p. 1107.)

We also reject defendant's claim that *King* misconstrued our Supreme Court's analysis in *Stamps* and section 1192.5.  Defendant believes that *Stamps* held that a trial court may withdraw its prior approval of a stipulated sentence on remand, in light of ameliorative changes in the law, and claims *King* "attempts to circumvent the whole process set forth in section 1170.91. . . ."  We find *King* correctly relied on section 1192.5

11

and *Stamps* for the proposition that a trial court is bound by the terms of a negotiated plea that it has accepted.  (*King*, *supra*, 52 Cal.App.5th at pp. 791, 793, citing *Stamps*, *supra*, 9 Cal.5th at p. 701.)

Defendant asserts remand is necessary for the trial court to exercise its discretion because "[t]he goal is the fairest sentence possible."  However, we believe defendant received more than a fair sentence, considering the charges and enhancement allegations and the fact he had admitted the allegations prior to trial.

In sum, defendant has given us no valid reason to depart from the reasoning of *King*, *supra*, 52 Cal.App.5th 783.  We therefore conclude the trial court properly denied defendant's section 1170.91 petition.

IV

DISPOSITION

The postjudgment order denying defendant's section 1170.91 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

I concur:


MILLER
Acting P. J.

12

[*People v. Rodriquez, Jr.*, E075662]

MENETREZ, J., Dissenting.

When an ameliorative change in the law applies retroactively to a criminal judgment that is based on a negotiated plea agreement, the defendant must be given the opportunity to seek the benefit of that change, thereby allowing the trial court to withdraw its approval of the plea agreement if it is so inclined.  (*People v. Stamps* (2020) 9 Cal.5th 685, 707-708 (*Stamps*).)  The majority opinion denies defendant William Rodriguez that opportunity and therefore conflicts with *Stamps*.  In so doing, the majority opinion follows *People v. King* (2020) 52 Cal.App.5th 783 (*King*), which similarly conflicts with *Stamps*.  Because we are bound by *Stamps* but not by *King*, I respectfully dissent.

In 2003, Rodriguez was charged with 38 counts of sex crimes against minors. Pursuant to a negotiated plea agreement, he pled guilty to seven counts and admitted certain enhancement allegations in exchange for a 45-year sentence and dismissal of the remaining charges.

In 2019, Rodriguez petitioned for recall of his sentence pursuant to Penal Code section 1170.91 (undesignated statutory references are to this code), which authorizes resentencing of United States military veterans on the basis of service-related trauma or other conditions.  The statute expressly applies to defendants convicted by plea. (§ 1170.91, subd. (b)(1) [a defendant convicted "by trial or plea" may petition for resentencing].)

1

The trial court denied Rodriguez's petition on the basis of *King*, which held that a defendant who agreed to a stipulated sentence is categorically ineligible for relief under section 1170.91 because the trial court "would have no discretion on resentencing to depart from the stipulated sentence." (*King*, *supra*, 52 Cal.App.5th at p. 787.) The majority opinion agrees with *King* and affirms.

Rodriguez argues that *King* conflicts with *Stamps*, so we should decline to follow it. I agree.

In *Stamps*, the defendant "entered into a plea agreement for a specified term that included a prior serious felony enhancement [citation]. While his appeal was pending, a new law went into effect permitting the trial court to strike a serious felony enhancement in furtherance of justice [citation], which it was not previously authorized to do." (*Stamps*, *supra*, 9 Cal.5th at p. 692.) The new law applied retroactively to the defendant's nonfinal judgment (*id.* at p. 699), and the defendant argued that "the proper remedy is to remand to the trial court to consider striking the serious felony enhancement while otherwise maintaining the plea agreement intact" (*id.* at p. 700). The Supreme Court disagreed, because the new law did not "authorize a trial court to exercise its discretion to strike in contravention of a plea bargain for a specified term." (*Ibid.*)

The Court went on to hold, however, that the defendant "is nevertheless entitled to some relief." (*Stamps*, *supra*, 9 Cal.5th at p. 705.) In particular, the defendant "should be given the opportunity to seek the [trial] court's exercise of its . . . discretion" under the new law. (*Id.* at p. 707.) "If the court on remand declines to exercise its discretion," then

2

"that ends the matter and defendant's sentence stands." (*Ibid.*) But if "the court indicates an inclination to exercise its discretion," then (1) the prosecution may "agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail" or may withdraw from the agreement altogether, or (2) "the court may withdraw its prior approval of the plea agreement." (*Id.* at pp. 707-708.)

*Stamps* applies straightforwardly here. Section 1170.91 is an ameliorative change in the law that requires a sentencing court to consider certain military-related conditions as factors in mitigation. (§ 1170.91, subd. (a).) It creates a petitioning procedure for retroactive application of that change to a defendant "currently serving a sentence for a felony conviction, whether by trial or plea." (§ 1170.91, subd. (b)(1).) Because Rodriguez received a stipulated sentence pursuant to a negotiated plea agreement, a trial court ruling on his petition cannot exercise its discretion to reduce his sentence while otherwise maintaining the plea agreement intact. (*Stamps*, *supra*, 9 Cal.5th at p. 700.) But Rodriguez must be given the opportunity to seek the court's exercise of its discretion nonetheless. (*Id.* at p. 707.) If the court is not inclined to exercise its discretion, then it should deny the petition, and Rodriguez's original sentence will remain. (*Ibid.*) But if the court indicates it is inclined to exercise its discretion, then the prosecution may withdraw from the agreement or agree to modify it, or the court may withdraw its approval of the agreement. (*Id.* at pp. 707-708.)

*King* mentions the Supreme Court's rejection of the defendant's proposed remedy in *Stamps*. (*King*, *supra*, 52 Cal.App.5th at pp. 791, 793; see also maj. opn., *ante*, at

3

pp. 11-12.)  But *King* never mentions the alternative remedy that the Supreme Court ordered in *Stamps*.  As a result, *King* contains no analysis contrary to mine.

*King* does, however, contain a technical argument for the conclusion that section 1170.91 does not apply to stipulated sentences.  (*King*, *supra*, 52 Cal.App.5th at p. 791.)  The majority opinion endorses that argument (maj. opn., *ante*, at pp. 6-7), but I believe it is mistaken.

*King* first notes that the petitioning procedure of subdivision (b) of section 1170.91 authorizes "resentencing pursuant to subdivision (a)," which in turn requires a court to treat certain military-related conditions "as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."  (§ 1170.91, subds. (b)(1), (a); see *King*, *supra*, 52 Cal.App.5th at p. 791.)  *King* then reasons as follows:  "A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation.  However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation.  Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.'  (§ 1170.91, subd. (a).)  As a result, a petitioner . . . who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under

4

subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation." (*King*, at p. 791.)

I believe that analysis is mistaken. Subdivision (b) of section 1170 is the general sentencing provision of the determinate sentencing law. A court imposing a determinate sentence when the applicable statute specifies three possible terms is imposing a sentence pursuant to subdivision (b) of section 1170. (See generally *People v. Sasser* (2015) 61 Cal.4th 1, 8 [describing the determinate sentencing law].) The statutes under which Rodriguez was convicted specify three possible terms. (§§ 288, 647.6.)

Moreover, even if *King*'s analysis were sound, it would not show that Rodriguez is not entitled to the same relief ordered by the Supreme Court in *Stamps*. The point of the remand in *Stamps* is, in part, that the trial court must be given the opportunity to withdraw its approval of the plea agreement. (*Stamps*, *supra*, 9 Cal.5th at p. 708.) Were the court to do so, it would no longer be required to impose the stipulated sentence, so *King*'s technical argument would no longer apply.

For all of the foregoing reasons, I respectfully dissent. *King* conflicts with *Stamps*, and only *Stamps* is binding on us. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) We should reverse and remand to allow Rodriguez to seek relief under section 1170.91.

MENETREZ       

J.

5