Filed 12/17/21  P. v. Benzon CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DAVID ANTHONY BENZON,<br><br>    Defendant and Appellant. | C089738<br><br>(Super. Ct. No. 18FE015471) |

A jury found defendant David Anthony Benzon guilty of first degree burglary with a person present, and further found that defendant had committed a prior serious felony, had a prior strike conviction, and served a prior prison term.  The trial court sentenced defendant to 10 years in prison.  Defendant raises multiple contentions on appeal, arguing (1) the trial court abused its discretion by denying defendant's *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*)) and declining to strike his prior serious felony enhancement, (2) the prosecutor's statements at closing misstated the reasonable doubt standard, violating defendant's due process rights, (3) defendant's prior

1

prison term enhancement must be stricken per Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136), and (4) defendant's counsel was constitutionally ineffective for failing to object to the fines and fees imposed at sentencing. Agreeing that the prison prior is invalid in light of Senate Bill 136, we shall remand with directions to strike the prison prior, resentence defendant, and correct the clerical errors in the abstract of judgment. In all other respects, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

Flight attendant G. Anderson stayed overnight at a Sacramento hotel. In the morning while Anderson was still in bed, Anderson heard the door open and saw defendant in his room. Anderson yelled and chased defendant from his room. The chase continued to the hotel stairwell, where Anderson tripped and fell, and defendant threw Anderson's wallet and crew badge at him. The hotel's employees eventually called the police, who apprehended defendant.

The jury found defendant guilty of first degree residential burglary (Pen. Code, § 459) (undesignated statutory references are to the Penal Code) with a person present (§ 667.5, subd. (c)(21)). At a bifurcated proceeding, the jury found true that defendant had one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), one prior serious felony conviction (§ 667, subd. (a)), and that he had served one prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to 10 years, comprised of the lower term of two years for burglary, doubled for the strike prior, plus five years for the prior serious felony enhancement and one year for the prior prison term enhancement. It also imposed various fines, fees, and assessments.

DISCUSSION

I

*Romero Motion*

Defendant first argues the trial court abused its discretion by declining to strike his prior felony conviction in the interest of justice (§ 1385, subd. (a)) pursuant to *Romero, supra*, 13 Cal.4th 497. He contends that the trial court failed to consider the remoteness of his prior strike conviction and mischaracterized his criminal record as "lengthy."

Prior to trial, defendant moved under section 1385 to strike his 2005 prior serious felony conviction for assaulting a peace officer with a deadly weapon. In this instance, defendant was evading police officers in a stolen vehicle when the police officers boxed his car between vehicles. Defendant hit one of the vehicles as he was fleeing, and one of the officers had to "dodge into his vehicle" to avoid being struck.

Defendant argued that his criminal record since 2005, which consisted of convictions for misdemeanor battery (in 2006 and again in 2007), possession of a controlled substance (in 2011), possession of a controlled substance for sale (in 2011), and misdemeanor vehicle theft (in 2018), was "minimal" and the result of defendant's addiction issues and homelessness. In opposition, the People described defendant's actions as a continuous course of criminal conduct, noting defendant had also been convicted of numerous crimes prior to 2005, including two felonies in 1998 for willfully evading a peace officer and possession of a controlled substance in prison, and four misdemeanors between 1979 and 1996. Defendant also violated probation in 2000, 2001, and 2012.

The trial court denied the motion. Although it did not find a pattern of increasingly serious criminal acts, it noted there "certainly hasn't been an absence" of criminal conduct, describing defendant's criminal record as "rather lengthy." The trial court acknowledged the potential for "some rather harsh effects of the Three Strikes

3

scheme," but concluded that when applying the applicable criteria, defendant fell within the spirit of the "Three Strikes" statute (§ 1170.12).

Rulings on *Romero* motions are reviewed for abuse of discretion. (*People v. Myers* (1999) 69 Cal.App.4th 305, 309.) Discretion is abused where the trial court's decision is "irrational or arbitrary." (*Id.* at pp. 309-310.) In exercising its discretion under *Romero* to strike a prior serious or violent felony, a court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) "[A] defendant who falls squarely within the law's letter does not take himself outside its spirit by the additional commission of a virtually uninterrupted series of nonviolent felonies and misdemeanors over a lengthy period." (*People v. Strong* (2001) 87 Cal.App.4th 328, 331.)

Here, the trial court correctly analyzed and weighed the factors favoring and disfavoring the *Romero* request, including defendant's criminal record, the severity of his crimes, the fact that many of his crimes may relate to his homelessness and addiction issues, and the potential for overly harsh outcomes when applying the Three Strikes law (§ 1170.12). The record supports the trial court's conclusion that defendant did not fall outside the spirit of the law due primarily to his extensive criminal history. Indeed, in the course of his life, and although defendant spent years incarcerated, defendant still committed five felonies (though one of his felony possession charges would now be considered a misdemeanor after Proposition 47's, the Safe Neighborhoods and Schools Act (enacted by the electorate Nov. 4, 2014), amendment to the Health & Saf. Code, § 11377) and seven misdemeanors, including two felonies and three misdemeanors after 2005. He also violated probation multiple times. Thus, although his crimes since the

4

2005 strike conviction were nonviolent, his criminal record reflects generally consistent criminal activity spanning several decades that would fall within the spirit of the law.

Further, while remoteness of a prior conviction tends to lessen its value as a predictive factor of a defendant's behavior, this is not necessarily so when the conviction has not been followed by a blameless life. (See *People v. Mendoza* (2000) 78 Cal.App.4th 918, 925-926.) Defendant's numerous convictions and years of incarceration following his prior strike conviction indicates that he has not been reformed. While we note defendant's explanation that his extensive and on-going criminal history is a result of his addiction and homelessness, that does not excuse his on-going criminal conduct.

Finally, defendant argues the trial court erred by relying on its own incorrect statement that defendant had "a number of 11377 and 378 charges," when the probation report reveals only one conviction for Health and Safety Code section 11377 and one for section 11378 since the prior strike conviction. But the trial court referenced those statutes to agree with defense counsel's point that "there is at least a trend towards . . . treating a lot of categories of acts that fell within those statutes at the time differently." More fundamentally, the trial court reviewed the record of defendant's numerous convictions as stated in the parties' briefs and argued at the hearing and found his background, character, and prospects do not place him outside the spirit of the Three Strikes scheme. The trial court did not abuse its discretion.

As we find the trial court did not abuse its discretion by denying the *Romero* motion, we further find, for the same reasons, that the trial court did not abuse its discretion by declining to strike the punishment for defendant's serious felony enhancement in the furtherance of justice, in accordance with section 1385, subdivision (b)(1).

## II

### *Reasonable Doubt*

Defendant next contends the prosecutor violated his due process rights by equating reasonable doubt to a matter of common sense in his closing argument. Though defense counsel did not specifically object to the prosecutor's two statements urging the jury to use their common sense, defendant still insists that the issue is not forfeited because any objection would have been futile under California law.

In his closing argument, the prosecutor argued that it was immaterial whether the hotel room door was latched because regardless, defendant entered the room. He then said, "The reality is you are not being asked to shut off your own critical thinking. You are not being asked to ignore your common sense and to look at all items of evidence, okay." Defense counsel objected, "with regards to the statement, 'You're not required to look at all of the items in evidence.' " The trial court told the jury, "I have given you instructions on the law as to what your duties are and if there is any question, please refer to the written instructions . . . that you will have in the jury room with you." The prosecutor responded, "If that is what I said, it's not what I meant anyway. . . . [Y]ou should use your common sense and critical thinking when you are evaluating and looking at all items of evidence, okay. Use your common sense." Defense counsel did not object or request another admonition to the jury.

Prosecutors should not define reasonable doubt in terms that could be taken to lower the People's burden. (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 36.) Here, the prosecutor did not redefine reasonable doubt. In fact, the prosecutor made no reference to reasonable doubt, or burdens of proof, when he advised the jurors to use their common sense. Thus, his comments did not suggest the jury assess the evidence using a lower burden of proof, and defendant's argument that the prosecutor redefined reasonable doubt is simply not supported by the record and incorrect.

6

Because the issue is forfeited, we need not consider defendant's claim of a due process violation resulting from the prosecutor's remarks. Nonetheless, we note that the prosecution showed the jurors a slide with the proper jury instruction for reasonable doubt, and the trial court correctly instructed the jury on the definition of reasonable doubt and reminded the jury it should take the law from the court's instructions, not from remarks of counsel. We presume the jury heeded those instructions. (*People v. Holt* (1997) 15 Cal.4th 619, 662.)

### III

### *Senate Bill 136*

Defendant correctly asserts, and the People concede, that recently enacted Senate Bill 136, which limits the prior offenses that qualify for a prior prison term enhancement, applies retroactively to his case.

On October 8, 2019, the Governor signed Senate Bill 136, which amended section 667.5, effective January 1, 2020. (Stats. 2019, ch. 590, § 1.) Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense.

Defendant's prior prison term at issue was not for a sexually violent offense. Defendant is therefore entitled to the ameliorative benefit of the statute if Senate Bill 136 is applied retroactively. We agree with the parties that the amendment to Senate Bill 136 should be applied retroactively in this case.

Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307 [noting "the role of a court is to determine the intent of the Legislature"].) Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent. (§ 3.) However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965)

7

63 Cal.2d 740, " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' [Citations.]" (*Lara*, at p. 308.) "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so. [Citation.]" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement. There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final. Under these circumstances, we find that *In re Estrada*'s inference of retroactive application applies. (Accord, *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Senate Bill 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same].) Accordingly, we will direct the trial court to strike defendant's prior prison term enhancement and "remand the matter for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances." (*Jennings,* at p. 682.)

IV

*Ability to Pay*

Finally, defendant contends that he was denied his Sixth Amendment right to counsel due to his counsel's failure to object to the trial court's imposition of fines, fees, and assessments without first determining defendant's ability to pay. Defendant's argument relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) The *Dueñas* court also held "that although Penal Code section

8

1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

We need not resolve the question of effective assistance of counsel because we conclude this claim lacks merit. Defendant's claim hinges on the *Dueñas* analysis finding due process principles mandate an ability to pay hearing before imposing fines and fees. We do not agree with the holding in *Dueñas*. Our Supreme Court will soon resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373, but not restitution fines under Penal Code section 1202.4. (*Kopp,* at pp. 95-96, review granted.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and fees at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

However, as the People note, the abstract of judgment contains two clerical errors reflecting a discrepancy between the fines and fees imposed at sentencing and those transcribed onto the abstract of judgment. At the sentencing hearing, the trial court imposed a $300 state restitution fine (Pen. Code, § 1202.4, subd. (b)), a $40 court

operations assessment (Pen. Code, § 1465.8), a $30 court facilities assessment (Gov. Code, § 70373), a $10 crime prevention program fee (Pen. Code, § 1202.5), and a $2,082.46 victim restitution fine (Pen. Code, § 1202.4).  Yet the abstract of judgment incorrectly states that the trial court imposed a $30 (rather than $40) court operations assessment and does not include the imposed $30 court facilities assessment.  We will direct the trial court to correct the abstract of judgment to reflect the orally imposed fines and fees.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 187 [appellate courts may order correction of clerical errors in abstract of judgment first raised by Attorney General].)

### DISPOSITION

This matter is remanded to the trial court to strike the prison prior, resentence defendant, and correct the clerical errors in the abstract of judgment.  The judgment is otherwise affirmed.  The trial court is directed to forward the new abstract of judgment to the Department of Corrections and Rehabilitation.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

RENNER, J.